Donnelly and Wife v. Simonton et al.

Ignatius Donnelly and Wife

*vs.*

John W. Simonton, et al.

The construction of a written instrument is matter of pure law when the meaning and intention of its framers is to be collected from the instrument itself; but not so, when, by extrinsic facts, it is made doubtful or uncertain what was intended or what the meaning of the instrument is. Such doubt or uncertainty may be removed by extrinsic evidence of the circumstances under which the instrument was framed.

When A mortgages property to B to secure the payment of a debt, and, as a part of the same transaction, gives his promissory note for the same sum, and the parties afterward enter into a written agreement that the mortgagee "shall deliver up the said note" to the mortgagor. *Held*, That the meaning of the contract is uncertain, and from its language it cannot be determined as a question of law whether the parties intended to cancel the debt, and thereby discharge the mortgage, or merely to release the personal liability of the mortgagor on the notes. Whether it was intended to discharge the debt or only to release the debtor from personal liability, is, in such case, a question of fact.

This action was brought to remove a cloud upon the title to certain real estate. The cloud alleged was a mortgage executed by the plaintiffs to the defendants to secure the payment of a debt for which the plaintiffs had also given their certain promissory notes which are mentioned in the mortgage. The plaintiffs claim that the notes and mortgage have been fully discharged and satisfied, and that the defendants refused to discharge and satisfy the mortgage of record.

vol. xiii.—21

Issue was joined and the cause tried before a referee, who found in favor of the plaintiffs; judgment was entered and the defendants appeal therefrom to this Court. The principal points arising in the case relate to a certain contract entered into between the parties, and the referee's report; this contract, and the material portions of the report, appear in the opinion of the Court. On the trial evidence was offered by the defendants, tending to show the value of the property conveyed by the plaintiffs, under the contract, at the time it was made, as compared with the value of the property covered by the mortgage. The plaintiffs objected to the reception of such evidence on the ground that it was incompetent and immaterial; the referee sustained the objection, and defendants excepted. Upon the hearing in this Court defendants urged that the plaintiffs' pleadings were defective, in that the complaint did not allege that the plaintiffs held the title, at the time of the commencement of the suit, which they seek to free from the alleged cloud. The complaint alleges that at the time the mortgage was executed, Donnelly held the title; by the allegations of the answer and reply it appeared the title was in Mrs. Donnelly at the time the action was brought; and the referee in his report finds that the title was in Mrs. Donnelly at that time.

W. P. WARNER for Appellants.

BIGELOW & CLARK for Respondents.

*By the Court*—WILSON, Ch. J.—This action was brought to remove a cloud from the title of one of the plaintiffs to certain real estate. In 1858 the plaintiff, Ignatius Donnelly, and the defendants made a contract in writing, in the words following:

"Memoranda of agreement made this 23d day of October, A. D. 1858, between T. D. Simonton, M. D., of St. Paul, attorney in fact for John W. Simonton, of Harrisburg, and Joseph Gray, of the same place, of the one part, and Ignatius Donnelly, of the city of Nininger, Minnesota, of the other part.

Whereas, The said parties of the first part are the holders of three certain promissory notes of the said Ignatius Donnelly, to their order, for the sum of four thousand, eight hundred dollars, the said parties of the first part agree, in consideration of the covenants hereinafter recited, to be performed by the said Ignatius Donnelly, to deliver up the said notes to the said Ignatius Donnelly, in consideration whereof the said Ignatius Donnelly agrees, within ninety days from the date hereof, to deed by warranty deed to the said T. D. Simonton, attorney in fact for the said parties of the first part, the undivided one-third part of block thirty-eight, in Nininger City, with the undivided one-third part of the improvements thereon erected, being the present residence of said Ignatius Donnelly; the said undivided third part to be free of all incumbrances, and the balance of the said property to be used in settling up with John Nininger. And if the mortgage now existing against the said premises, held by said McKinzee, of Lyons, New York, can not be released as to the undivided one-third of the same, then the parties of the first part agree to take the undivided one-third so encumbered, provided the said John Nininger will agree to pay the same. And the said Ignatius Donnelly further agrees to assign the said parties of the first part all his reversionary interest in a certain policy of insurance for $5,000 now on the said property, and held by the said McKinzee, of Lyons, New York."

The notes referred to in this contract were secured by a

mortgage, and the existence of that mortgage is the cloud complained of. The condition of the mortgage is in these words : "Provided, nevertheless, that if the said Ignatius Donnelly and Kate, his wife, parties of the first part, their heirs, executors, administrators or assigns, shall well and truly pay, or cause to be paid to the said Joseph Gray, and John W. Simonton, parties of the second part, their heirs, &c., the sum of four thousand, eight hundred and ninety-two 41-100 dollars, according to the condition of three certain promissory notes. * * then this deed to be null and void, otherwise to be in full force and effect, &c."

The referee who tried the cause has found as a matter of fact, that the defendants surrendered and delivered to the said Ignatius Donnelly the three promissory notes referred to in the mortgage, and that Donnelly has performed on his part, and "That no satisfaction piece of said mortgage has ever been executed, and said mortgage still remains unsatisfied of record." As conclusions of law the referee has found :

*First.* That by the surrender and delivery of the said three promissory notes the same and the debt secured thereby were fully paid and discharged, and the mortgage given to secure the payment of said notes was fully paid and satisfied.

*Second.* That said mortgage remaining unsatisfied of record is a cloud, &c.

We think it cannot be said, as a conclusion of law, that the surrender and delivery of the notes operated as a payment and discharge of the debt. The construction of a written instrument is matter of pure law when the meaning and intention of its framers is to be collected from the instrument itself; but not so when, as in this case, by extrinsic facts it is made doubtful or uncertain what was intended, or what the meaning of the instrument is. Such doubt or uncertainty

may be removed by evidence of the circumstances under which the instrument was framed.

When in the case at bar the plaintiffs established the fact, as a part of their cause of action, that the debt for which the notes were given was secured by a mortgage on real estate, a doubt or uncertainty was raised as to what the parties meant by the contract "*to deliver up*" said notes, and by their acts under the contract. The lien of the mortgage was not necessarily discharged by the surrender or cancellation of the *notes*, for the debt may remain after the notes are surrendered or cancelled. A note is given or required for the purpose of binding the mortgagor personally for the payment of the debt, and the mere act of surrendering it does not necessarily release the maker from any liability except that which is created by its execution. The mortgage only binds the property pledged, unless it contains a covenant or agreement, express or implied, that the mortgagor shall pay the debt, which this does not. It is therefore clearly competent for the parties to release either the personal liability, or the real security, and the release of the one cannot effect the validity of the other. See *Tripp vs. Vincent*, 3 *Barb.*, *Ch.* 613.

If it was the intention of the parties that the *debt* should be extinguished by the surrender of the notes, then the mortgage is satisfied, for it cannot exist longer than the debt of which it is a mere incident; but if on the contrary it was the intention of the parties to merely release the personal liability of the mortgagor without extinguishing the debt, the mortgage remains a valid security.

The question is, what did the parties in fact mean and intend by the contract "to deliver up the said notes"? And this contract being involved in doubt and uncertainty, is to be construed in view of any facts or circumstances that may tend to elucidate or explain it.

Donnelly and Wife v. Simonton et al.

We do not mean to intimate that the evidence did not show that the intention of the parties was, as a matter of fact, to cancel the debt by delivering up the notes. That was a question for the referee which it is not for us to determine. It was competent for the defendants to show the value of the property conveyed, at the time of the agreement to surrender the notes, as compared with the value of the lots covered by the mortgage, and with the nominal value of the notes, for the purpose of illustrating or explaining the intention of the parties in making the contract.

The error in pleading complained of by the defendants is immaterial.

The general views above expressed cover all the objections urged by the appellants.

Judgment reversed.