*C. C. Nave,* for appellant.

*A. J. Boone* and *R. W. Harrison,* for appellee.

---

## Aylesworth and Others *v.* Brown and Another.

PRACTICE.—*Admission of New Party.*—Complaint on a note and mortgage, the plaintiffs claiming to be the surviving partners of a late firm named. Before any further pleadings had been filed, another person filed a petition, alleging, that he was a member of said late firm to which the note in suit was payable, and as such had an interest; and praying to be made a party plaintiff; and the court so ordered.

*Held,* the facts alleged in the petition being undisputed, that there was no error in this ruling.

SAME.—*Pleading.—Amendment.*—An amendment of the complaint, so as to show the facts alleged in such petition, could properly have been made, only after the court had authorized the new party to come in.

SAME.—The new party, having been admitted, over the defendant's objection, upon such petition, which was signed by his attorneys and the attorneys of the other plaintiffs, was, without formal amendment of the complaint, treated thenceforth throughout the case as a party plaintiff, without further objection.

*Held,* that, under the circumstances, such petition might, on appeal to this court, be regarded as an amendment to the complaint.

SAME.—*Dismissal.—Disclaimer.*—One of the original plaintiffs was allowed to dismiss the suit as to himself without filing a disclaimer.

*Held,* that it was his right to do so.

Aylesworth and Others *v.* Brown and Another.

SAME.—*Interrogatories.—Harmless Error.*—Where the defendant filed, with his answer, interrogatories to the plaintiff, which were answered, but the answers were not sufficient, and the court erroneously refused to compel him to answer, but it appeared by the record that the plaintiff was sworn as a witness, and as such testified fully to the facts sought to be elicted by the interrogatories, fully supporting, in that respect, the averments of the answer;

*Held,* that the error could not avail the defendant,

SAME.—*Statement of Evidence to Jury.—Bill of Exceptions.*—The statement of the evidence which a party is allowed to make to the jury by section 324 of the code is, as to its brevity or prolixity, a matter to be left, to a considerable extent, to the control of the court trying the cause; and where the interference of the court is complained of on appeal, the bill of exceptions must show the statement that was being made when the court interposed.

SAME.—*Supreme Court.*—The Supreme Court is not bound to express an opinion upon decisions of the lower courts which obviously result in no harm.

WITNESS.—*Character.—Remarks of Court before Jury.*—A cross interrogatory was put to a witness which had been already twice propounded and answered; and the court, upon objection made, refused to allow a third answer, remarking, in the hearing of the jury, that "when a witness of his standing and character had answered a question twice it was sufficient."

*Held,* that, under the circumstances of the case, there was no error.

PLEADING.—*Code.*—In a suit by surviving partners on a note payable to the firm, it was not shown in the body of the complaint what persons composed the late firm or how the right of action accrued to the plaintiffs as surviving partners, but these things were alleged in naming the parties plaintiffs.

*Held,* that such a method of stating facts, though not to be commended, is sufficient under the code.

JOINT DEBTORS.—*Release.*—A. held a judgment against B. and C. for a certain amount; B. paid half the amount, and thereupon A. executed to him a written instrument wherein A. covenanted that he would thenceforth "pursue the legal and equitable remedy on said judgment against C. alone, and not against B., looking to C. alone for the full and final payment and satisfaction of said judgment,. without, however, intending to prejudice or interfere with the rights and liabilities of said B. and C. to each other on account of said judgment."

*Held,* that this instrument did not operate as a release of C. from liability upon the judgment.

APPEAL from the Fountain Common Pleas.

FRAZER, J.—This was a suit to foreclose a mortgage given by John R. Fallis, Jonas C. Aylesworth, Lucinda Plowman, and Nathan Plowman, to secure a promissory note made by Aylesworth. One paragraph of the complaint was against Aylesworth alone, and sought merely a personal

judgment. The complaint, as amended, commenced thus:

"State of Indiana, Fountain County, Fountain Common Pleas Court, May term, 1868. Joseph Brown and John L. Meredith, surviving partners of the late firm of Barbee, Brown & Co., which said firm was composed of the following persons, viz: Joseph Brown, John L. Meredith, and William Barbee, which said Barbee is now deceased, vs. John R. Fallis, Jonas C. Aylesworth, Lucinda Plowman, and Nathan Plowman. Amended complaint. Paragraph 1st. Plaintiffs complain," &c., &c.

Before any further pleadings were filed, Thomas Barbee filed a petition in writing, alleging, that he was a member of the firm of Barbee, Brown & Co., to whom the note was payable, and as such had an interest; and praying to be made a party plaintiff. The court ordered that he be allowed to prosecute as a plaintiff, and the defendants excepted; and we are asked to consider the question.

There was no error in the ruling, the facts alleged in Barbee's petition being undisputed. The ninety-ninth section of the code warranted the proceeding; and if the facts alleged in the petition had appeared in proof upon the trial, it might have become the duty of the court, under the twenty-second section, to have required Barbee to be joined as a party. The argument that the complaint should have been amended so as to show the facts which were alleged in Barbee's petition, has no application whatever to this question. Such amendment could only be properly made after the court had authorized the new party to come in.

The sufficiency of the proof of service of summons on John R. Fallis is questioned upon grounds so very technical and insufficient, that, in view of the great multitude of like questions presented in this case, having nothing whatever to do with the merits of the controversy, we do not dwell upon it.

Meredith was allowed to dismiss the suit as to himself, the defendants objecting unless he filed a disclaimer. We are of opinion that it was his right to do so.

With their answer the defendants filed interrogatories to the plaintiffs, which were answered by the plaintiff Brown. Some of the answers were not sufficient, and the court erroneously refused to compel him to answer further. But this error cannot avail here; for it appears by the record that Brown was sworn as a witness, and as such testified fully to the facts sought to be elicited by the interrogatories, in that respect fully supporting the averments of the answer.

The appellants complain that the court would not allow their attorney to make to the jury a detailed statement of their evidence, but confined him to a general statement of it. This is a matter which must necessarily be left, to a considerable extent, to the court below. The statute authorizes a brief statement. We cannot know whether counsel have attempted to abuse this privilege by needless prolixity, unless the bill of exceptions presents to us, as it does not in this case, just the statement which was being made when the court interfered. We must presume that the judge interposed in the strict and intelligent discharge of his duty, unless the contrary distinctly appears. It must be evident, however, that the statute was never intended to give the privilege of wearing out the patience and endurance of judges and juries by compelling submission to the useless infliction of listening to a detail of all the *minutiæ* which would enter into the body of the evidence in many cases. That would be exceedingly prolix, and could have no useful end. It would not be a *brief* statement, such as the code (sec. 324) authorizes. We cannot say that the court erred in the matter.

On the trial, the defendants, to prove a release to one Geiger (which will be alluded to again in this opinion), offered in evidence an affidavit which they had filed for a continuance, wherein it was stated that the witness had the release in his possession (giving a copy), and had been served with subpœna *duces tecum*, &c. The plaintiffs, to avoid the continuance, having, says the record, "admitted the affidavit.

in the manner as the law directed, and that the witness would testify to the facts stated if he was present," the plaintiffs objected to the admission of the copy of the release contained in the affidavit, but the court admitted it merely as what the absent witness would swear to if present, the defendants excepting to this limitation of the effect of the copy in evidence. Subsequently, the plaintiffs, without proving its execution, were permitted, over the defendants' objection, to put in evidence what purported to be, and was afterwards proved to be, a duplicate of the same instrument. Both these rulings are complained of here. It is sufficient to say, that if the first would have injured the defendants, that injury was fully repaired by the second. We are not bound to express an opinion upon decisions of the lower courts which obviously result in no harm. It is useless to seek our decision upon such questions. They are not questions in any sense which require our action.

The statements of a third person, not the agent of the plaintiffs, were offered in evidence by the defendants, and excluded. This was obviously correct. It is argued by counsel that the agency had been shown; but we do not so understand the record.

A cross interrogatory was put by the defendants to a witness, which had been already twice propounded and answered. The court refused to allow the third answer, remarking, that "when a witness of his standing and character had answered a question twice, it was sufficient." This remark was excepted to. It is argued that it was error for the judge thus, in the hearing of the jury, to endorse the character of a witness. Ordinarily the court would not be justified in making such a remark in the presence of a jury trying a cause. It might have an effect upon the jury in determining the credit due to the witness. And yet the bearing of counsel towards the witness might be such as to make such an observation necessary from the bench, for the protection of the witness. In all cases it is the sworn duty of the jury to regard the evidence before them, uninfluenced

by such observations of the judge. It is fair to assume that this was done, in the absence of any indications to the contrary; nor indeed do we feel at liberty to say that the unwarranted repetition of the same question to the witness, and compelling the court to act upon it, by persistence, upon objection being made, did not, in the present instance, relieve the remark of the court from just criticism.

It is assigned for error, that the court overruled a demurrer by the defendants separately to the complaint. This was before Meredith ceased to be a plaintiff in the cause. One defect in the complaint relied upon is, that it does not show what persons composed the firm of Barbee, Brown & Co., and how the right of action accrued to the plaintiffs as surviving partners. We understand that these facts are alleged. It is true that this is not done in the body of the complaint, where it more properly belonged, but in naming the parties plaintiffs. We cannot commend this method of stating facts, nor have we any disposition to encourage it. But it is sufficient under the code, though awkward.

The regular and formal method of practice would probably have required, after Meredith retired from the case as a plaintiff, and Thomas Barbee was allowed to become a plaintiff, that the complaint should have been amended by striking out the name of the former and inserting that of the latter. This formal amendment to the complaint was not made, unless the petition of Barbee to be admitted as a plaintiff be regarded as such amendment. It, was signed by Barbee's attorneys and by the attorneys of the other plaintiffs, and after the court ordered that he be admitted as a plaintiff, he was treated as such in all the proceedings, including the final judgment, without objection. Nor, indeed, is any question as to his being actually a party plaintiff raised upon the record before us, except upon the theory that the order of the court permitting him to become such was void. We do not deem it void, or even erroneous, as has been already seen. Taking it that he was a plaintiff, then, as the parties regarded him, the complaint as it

stood showed no right of action in him. It is alleged, that the late firm of Barbee, Brown & Co., had been composed of three persons, of whom Thomas Barbee was not one. If the petition upon which Thomas Barbee was granted permission to appear as a plaintiff be regarded as itself an amendment of the complaint, it introduces the fact that Thomas Barbee was also a member of that firm. Can it be regarded here as such amendment? The majority of the court are clearly of opinion that it may be so regarded in this court, under the circumstances. With some hesitancy, I concur. This method, however, of amending a complaint is not commended, and if it appeared by the record that the defendants had in any manner sought below to take advantage of such informality specifically, possibly the question would be a more serious one for the appellees.

The remaining question in the case, and the only one in the whole record affecting its vital merits, arises upon a written instrument. Barbee, Brown & Co. held a judgment against Frederic Geiger and James Fallis for $6,115.63. Geiger paid one-half thereof, and thereupon the instrument was executed to him, and contains the following covenants by the judgment plaintiffs, viz: "that they (Barbee, Brown & Co.) will henceforth pursue the legal and equitable remedy on said judgment against said James Fallis alone, and not against said Frederic Geiger, looking to said Fallis alone for the full and final payment and satisfaction of said judgment, without, however, intending to prejudice or interfere with the rights and liabilities of said Fallis and Geiger to each other on account of said judgment." The inquiry is, whether this operated as a release of Fallis from liability upon the judgment.

The general proposition is familiar, that the release of one of several joint debtors is a release of all the others; and the appellant contends that that proposition is applicable in this case.

This is not technically a release. By its terms it is merely a covenant not to pursue Geiger, and it is made clear by

its words, that it was not intended to release Fallis. It is only by implication and to avoid circuity of action that it would be construed to release Geiger. The cases seem to be uniform that such an instrument could not operate to release Fallis. The sole object which courts can have in the construction of instruments would be outraged by declaring this to be a release of both debtors. The law should not be subject to such a reproach. The cases upon the subject have been collected by Judge STORER in a valuable opinion in the Am. Law Register for May, 1869, vol. 8, p. 270, *Bailey* v. *Berry.* See, also, 1 Par. Con. (5th ed.) 28–9, and notes; Chit. Con. (10th Am. ed.) 862–3.

Judgment affirmed, with costs.

*J. Buchanan,* for appellants.

*M. M. Milford,* for appellees.