Walls *et al. v.* Baird.

Filed Feb. 1, 1884.

------◆------

No. 10,176.

## WALLS ET AL. *v.* BAIRD.

PROMISSORY NOTE.—*Mortgage.—Joint Obligors.—Release of One.—Payment.*— W. and L. were joint makers of a note secured by a mortgage on lands executed by W. and wife, which contained a covenant by the mortgagors to pay "the sum of money" mentioned in the note. L., on payment of a small part of the note, was entirely released.

*Held*, that W. and wife were not thereby released from their covenant to pay, contained in the mortgage.

From the Boone Circuit Court.

*W. B. Walls* and *W. H. Thompson*, for appellants.

*C. S. Wesner, T. A. Hendricks, A. W. Hendricks, C. Baker, O. B. Hord, A. Baker* and *E. Daniels*, for appellee.

FRANKLIN, C.—Appellee sued appellants on a promissory note and for the foreclosure of a mortgage. The note was executed by Walls and Lane, and the mortgage was executed by Walls and wife upon real estate held by them jointly by entireties. The defence was payment and a release of Lane from all liability on the note, and claiming such release as an exemption from all liability of the other defendants upon either the note or mortgage. The pleadings are extensive, but all the issues culminate in and are based upon the above named questions. The defendants withdrew their general denials, admitted the cause of action, confessed the claim for attorney fees, and assumed the burden of proof upon their affirmative issues. The cause was submitted to a jury for trial, the evidence heard, and plaintiff demurred to the evidence, which was sustained by the court, and a final judgment and decree rendered for the plaintiff. There was no personal judgment rendered against either of the defendants. There was a finding for the plaintiff for the amount due, and over a motion for a new trial a decree of foreclosure was rendered for its payment.

The assignments of error contain various specifications, but that mostly relied upon by appellants is upon the sustaining of the demurrer to the evidence. If Lane was released from the note, and his release released Walls also from the note, and Walls and wife from the mortgage, then the demurrer was not correctly sustained.

There was very little if any conflict in the evidence. The facts proved are substantially as follows: Walls and Lane had been partners in the mercantile business in the city of Lebanon, Indiana. They borrowed money of Baird for which the note in suit was given and it was used in their said partnership business. In August, 1877, they settled up their

partnership, except the payment of appellee's note and mortgage, then amounting to $1,781.38. Lane then held an older note and mortgage on Walls and wife; and Lane became desirous that appellee's note should be settled, or that he should be released from liability upon it. Lane was the father-in-law of both Walls and Baird.

Upon the condition of the accounts between Walls and Lane, they agreed that if Baird would consent, Lane would pay Baird $381.38 and surrender to Walls his note and mortgage then amounting to $766.75, and Walls should execute a new note on time to Baird for $1,400, and take up and cancel the old partnership note and the mortgage herein sued on. Lane presented said agreement to Baird in a written statement containing the part that each was to pay. Baird declined to accept the proposition, but agreed with Lane that if he would pay the $381.38 and surrender to Walls the said. older note and mortgage, and enter the record thereof satisfied, he would release Lane from all liability on the note. Lane paid the $381.38; and there was endorsed upon the written statement of what each would pay, the following:

"I have credited Lane with the $381.38, this date.

    (Signed),             "J. W. BAIRD."

The statement is signed by W. B. Walls.

Lane then surrendered the older note and mortgage to Walls and satisfied the record thereof.

The note sued on was for $1,868.50, dated August 19th, 1873, and contained the endorsement of several credits, among which are the following: "Received in settlement with T. C. Lane, $381.38, August 3d, 1877. I hereby release the said Lane of any further obligation as security to said note."

The mortgage bore the same date of the note and contained the provision that "the mortgagors expressly agree to pay the sum of money above mentioned without relief from valuation laws," and was duly executed, acknowledged and recorded. The mortgage record contained on the margin several endorsements of credits, among which are the following:.

"AUGUST, 3d, 1877.

" Received on within note $381.38, endorsed on note. I hereby release the said Lane of any further obligation of security to said note.        (Signed)    J. W. BAIRD."

The written statement above referred to reads as follows:

"LEBANON, INDIANA, August 4th, 1877.

"Statement as to the amount due from Lane and Walls on their note due George W. Baird, $1,781.38, Lane and Walls having made a full settlement of all accounts between them, including a note and mortgage held by Lane against Walls. All accounts and debts of Lane and Walls being paid with the exception of the amount due Baird. Walls is to pay on the note due from Lane and Walls $1,400. Lane is to pay Baird on the note due from Lane and Walls $381.38.

" WILLIAM B. WALLS."

Lane testified that the agreement was that he should be released. Baird testified that he intended to release Lane, and thought he was released. Lane immediately returned the statement of how much each was to pay to Walls, with his credit endorsed thereon, surrendered the note and mortgage on Walls to him, and entered satisfaction of the record of the mortgage. Baird at the time refused to surrender the note and mortgage sued on, for the reasons that Walls was good for them, and he did not want to change them.

Upon these facts being proved, appellants Walls and wife insist that Lane was released; and that by his release Walls was released from the note, and Walls and wife from the mortgage. All of which are controverted by appellee.

Joint and several assignments of error have been filed, and a number of specifications are made under each, but they are all dependent upon the foregoing propositions in relation to the release, and it is unnecessary to set them forth, or discuss each in detail.

Appellee insists that Lane was not released; that there was no consideration for the release; that the $381.38 paid by

Lane was only a partial payment of a debt for which he was liable to pay the whole. In this we think appellee is mistaken. Lane surrendered a note and mortgage to Walls for $766.75, in addition to the payment, and in part consideration of his release upon this note. We think there was a sufficient consideration for the release, and that Lane was released.

Appellee further claims that if Lane was released, that did not release Walls from liability on the note; that Lane's release was with the knowledge and consent of Walls, and under a declaration of the payee of the note, that Walls should remain liable upon it.

There was evidence tending to show that Walls at the time knew nothing of Lane's release, and never afterwards consented thereto, from which the jury might have drawn the inference that such were the facts; and as to Wall's release on the note, the demurrer to the evidence could not have been sustained. *Indianapolis, etc., R. R. Co.* v. *McLin,* 82 Ind. 435.

The court below must have taken this view of the case, because it gave no personal judgment against Lane or Walls upon the note, and that is equivalent to finding for them as to this question.

The law is well settled that the unconditional release of one or more of joint obligors releases all the joint obligors. *Aylesworth* v. *Brown,* 31 Ind. 270. But we do not see that these questions are well presented; appellee has assigned no cross errors; appellant Lane has declined to unite in the appeal, and we do not see that Walls has any right to complain, no personal judgment having been rendered against him on the note.

The remaining question is, did the release of Lane, and the assumed consequent release of Walls, from liability on the note, also release Walls and wife from liability on the mortgage?

Any payment or satisfaction of the debt would doubtless

discharge any liability on the mortgage. But the question here is, will the release of one joint obligor on a note release the other obligor on a mortgage given to secure its payment, the mortgage containing an independent stipulation to pay, and the released obligor not being a party to it. Upon this question appellants have referred us to the following cases: *Armstrong* v. *Murphy,* 2 Ind. 601; *Sherman* v. *Sherman,* 3. Ind. 337; *Bowman* v. *Mitchell,* 79 Ind. 84.

The first case cited is not applicable; there was a satisfaction of the debt in that case. Neither do we think the second case is in point; there the note was surrendered to the maker with the intention of cancelling it. Here there was no surrender of the note, but a retainer of it, with an intention to hold Walls liable to pay the balance. In the last case cited a mortgage was given to secure the payment of a note. The note was materially altered, and the following language was used by this court: "A mortgage given to secure a void note can not be enforced. Whatever discharges a note discharges a mortgage which secures it." And *Sherman* v. *Sherman,* *supra,* is cited as authority. The authority cited, perhaps, does not fully justify the broad language used, and it may need some little qualification or limitation.

In 2 Jones on Mortgages, section 983, we find the following language: "The personal liability of the mortgagor may be released without extinguishing the mortgage, if this be done without any intention of discharging the debt." *Donnelly* v. *Simonton,* 13 Minn. 301; *Hayden* v. *Smith,* 12 Met. (Mass.) 511. "Whether the intention in any case was to discharge the debt or merely the personal liability is a question of fact, depending upon the circumstances of the case or the construction of the release." *Tripp* v. *Vincent,* 3 Barb. Ch. (N. Y.) 613. "If the mortgage note be left outstanding, and there is no evidence that the release was intended to operate as payment of the note, the mortgagee may still collect or negotiate the note." *VanDeusen* v. *Frink,* 15 Pick. 449.

In the case at bar, it was clearly the intention of the mortgagee not to release Walls from the payment of the debt. The language of the release as endorsed upon the note, the statement of accounts, and margin of the mortgage record, all show distinctly that it was intended to operate only to release Lane from liability on the note, and leave at least the mortgage in full force against Walls and wife. And as in this case, where the mortgage contains an independent express promise to pay the debt, that intention ought to be carried out and Walls and wife held liable on the mortgage to the extent of the sale of the mortgaged premises, if the ballance of the debt be not paid by Walls. There is no evidence tending to show, or from which the jury could reasonably infer, that Walls and wife were intended to be released from the mortgage. There is no error in sustaining the demurrer to the evidence, as to the foreclosure of the mortgage. *Ruff* v. *Ruff*, 85 Ind. 431.

The rulings of the court upon the pleadings, the sustaining of the demurrer to a paragraph in the answer, and the overruling of the demurrer to a paragraph in the reply, are each controlled and disposed of by the foregoing ruling upon the demurrer to the evidence. As to the rulings upon the cross complaints, of Walls against Lane, and Mrs. Walls against Lane and Walls, appellee was not a party to them nor affected by them. Lane declined to join in the appeal, and the parties to these questions are not all before the court. Hence they can not be considered.

Appellants Walls and wife insist that the court erred in overruling the motion for a new trial, for the reason that the damages assessed are excessive. And they complain of including in the damages the amount of the $766.75 note and mortgage surrendered to Walls by Lane, and claim that they ought to be credited with that amount, of the date of surrender. Conceding, but not deciding, that this question may be presented by a motion for a new trial, we can not see

any reason for this claim. Appellee received no part of that amount, and it was not intended to be credited on the note and mortgage sued upon. Appellant Walls received it, and it was intended that he should pay the balance of the debt sued on including that amount, and this was to assist him in' doing so. It would be strange for him to be credited with that which he received and ought to have paid to appellee, but had never done so. After said arrangement, Walls made some payments on the note sued upon, but he or appellee never called upon Lane for any further payments.

There was no error in overruling the motion for a new trial.

We think the case was decided correctly upon its merits, and find no available error in the record.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment of the. court below be and it is in all things affirmed, with costs.

Filed Sept. 26, 1883.

## ON PETITION FOR A REHEARING.

FRANKLIN, C.—Appellants, in their petition and brief for a rehearing, insist that this court, in the former opinion, held that Walls was released from the note by Lane's release, and that the finding, including attorney fees, was excessive, the mortgage not providing for attorney fees; and that a new trial ought to have been granted; that the judgment ought to be reversed for refusing to grant a new trial for that reason.

Appellants are mistaken about the court holding that Walls was released from the note by Lane's release. The opinion expressly says that "We do not see that these questions are well presented. Appellee has assigned no cross errors; appellant Lane has declined to unite in, the appeal, and we do not see that Walls has any right to complain, no personal judgment having been rendered against him on the

note." The question as to Walls' release on the note is not presented or decided.

Appellants further insist that Lane was a party to the appeal, and that errors were assigned upon the cross complaints against Lane; that he was notified, and was properly in court; and that these specifications of error ought to be decided. True, Lane is made a party to the appeal; and in each of the assignments of error his name appears as one of the appellants. It nowhere appears as an appellee. He declined to join in the appeal, and that certainly took him out of this court. As an appellant he had the right to go out, and his co-appellants had no power to hold him in against his wish.

There is no error in the former opinion in respect to the matters complained of. The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition for a rehearing is overruled at appellant's costs.

Filed Nov. 24, 1883.