Terry YOUNG and Rebecca Young,
Appellants (Plaintiffs Below),

v.

Leona HOKE, Appellee
(Defendant Below).

No. 3–1085A264.

Court of Appeals of Indiana,
Third District.

June 18, 1986.

Richard K. Muntz, Muntz & Vanderbeck, P.C., LaGrange, for appellants.

Robert T. Sanders III, Daniels, Sanders & Pianowski, Elkhart, for appellee.

HOFFMAN, Judge.

Plaintiffs-appellants Terry and Rebecca Young (Youngs) appeal the trial court's decision granting defendant-appellee Leona Hoke's (Hoke) motion for summary judgment.

The facts relevant to this appeal disclose that the Youngs brought an action against Hoke and Chrysler Corporation for personal injuries and property damage occasioned by a vehicular accident between Rebecca Young and Hoke which occurred on December 18, 1981. The complaint alleged negligence by Hoke in the operation of her vehicle. Against Chrysler, the Youngs alleged that a defective shoulder restraint in the Youngs' vehicle failed; thereby causing Rebecca Young personal injuries.

On July 27, 1984, the Youngs executed a release of all claims against Chrysler. The Youngs filed a motion to dismiss as to Chrysler on August 2, 1984. In May 1985, Hoke moved for summary judgment on the basis that the release executed by the Youngs served as a release of all claims against Hoke as well. The trial court granted Hoke's motion for summary judgment in July 1985. This appeal ensued.

As restated and consolidated, the sole issue raised by the Youngs on appeal is whether Hoke and Chrysler were joint tortfeasors so that a release in favor of Chrysler constituted a release of claims against Hoke.

 The general rule, in Indiana, is that "the unqualified release of one joint tort-feasor, absent fraud or mistake, acts to release all joint tort-feasors." *Cooper v. Robert Hall Clothes, Inc.* (1979), 271 Ind. 63, 64, 390 N.E.2d 155, 157. Such may not be the case where independent and successive tort-feasors are involved. *Wecker v. Kilmer* (1973), 260 Ind. 198, 294 N.E.2d 132 (release of claim against auto driver was not necessarily release of claim against doctor for negligent performance of medical services after the accident).

 The Youngs attempt to characterize Hoke and Chrysler as independent and successive tort-feasors, rather than joint tort-feasors. Joint liability may be created when the acts of various tort-feasors through cooperation or in concert accomplish a particular wrong. *See, Sourbier v. Brown* (1919), 188 Ind. 554, 567–568, 123 N.E. 802, 806. Additionally, joint liability may be premised upon independent acts which combine to produce a single injury.

*See, Cleveland, etc., R. Co. v. Gossett* (1909), 172 Ind. 525, 535, 87 N.E. 723, 728;

*Sanders v. Cole Mun. Finance* (1986), Ind.App., 489 N.E.2d 117.

 In the present case the alleged acts of Hoke and Chrysler combined to cause the injury which the Youngs sustained. Absent the collision, allegedly caused by Hoke's negligence, the alleged negligence by Chrysler would not have caused any injury to the Youngs. The determination that Hoke and Chrysler were joint tort-feasors triggers operation of the principles set out in *Cooper, supra.* Consequently, the trial court's award of summary judgment for Hoke must be sustained.[1]

Affirmed.

STATON, P.J., concurs with opinion;

GARRARD, J., dissents with opinion.

STATON, Presiding Judge.

I concur that *Cooper v. Robert Hall Clothes, Inc.* (1979), 271 Ind. 63, 64, 390 N.E.2d 155 should be applied to the facts in this civil action which occurred several years prior to the effective date, January 1, 1985, of the Indiana Comparative Fault Act.

Kansas has a comparative fault act similar to the comparative fault act in Indiana. When the Kansas Supreme Court considered the impact of the comparative fault act upon its common law rule that a release of one joint tort-feasor is a release to all joint tort-feasors, it stated in *Geier v. Wikel* (1979), 4 Kan.App.2d 188, 603 P.2d 1028:

The trial court followed decisions by the Kansas Supreme Court which spanned a hundred years. The rationale behind the common law rule that the release of one joint tort-feasor releases all is explained in *Railway Co. v. McWherter*, 59 Kan. 345, 352, 53 P. 135, 137 (1898), as follows:

"The reason of the rule which renders the acceptance of satisfaction from one of two or more joint tort feasors a discharge as to all, is that the wrong is single and entire, and the injured party is entitled to one and only one satisfaction, no matter how many parties may have joined in the act. As a general rule, the nature of the case does not admit of an apportionment of the damages among the wrongdoers, but they are liable jointly and severally for the whole."

That reasoning was shattered by the adoption of comparative negligence in Kansas (K.S.A. 60-258a) and its subsequent construction in *Brown v. Keill* [224 Kan. 195, 580 P.2d 867 (1978)] abolishing the concept of joint and several liability between joint tort-feasors in comparative negligence actions. As explained in *Brown*, the proportionate fault of all parties to the occurrence is to be determined even though one or more of them is not a party to the action and is

---

**1.** The Youngs also raise a contention that the release in favor of Chrysler was regarding personal injuries only; thus, Hoke remains liable on a claim for property damages. Because the release made no such delineation of claims, this Court may not address the argument.

unable to pay, or cannot be required for any reason to pay his or her proportionate fault.

I would not join the Dissent since it urges the Indiana Supreme Court to adopt a rule that would violate the separation of powers provision of the Indiana Constitution. As Professor Lawrence P. Wilkins points out, Section Seven of the Indiana Comparative Fault Act bans contribution between tort-feasors. 17 Ind.L.R. 687. In his law review article, Professor Wilkins underscores the need for a legislative amendment:

1. *Contribution.*—Section seven of the Act bans contribution between tort-feasors. Why the Indiana legislature considered it necessary to include the ban is open to question, given the Act's purported abolition of joint and several liability, and the fact that contribution is presently unavailable at common law in Indiana. Whatever the reason, the ban reflects the legislature's ambivalence toward the apportionment principle, and stands as an unfortunate foreclosure of judicial use of contribution to adjust and refine the comparative fault system in the state. 17 Ind.L.R. at 718–19. (Footnotes omitted).

GARRARD, Judge.

The question presented today is whether Indiana should continue to apply the doctrine that the release of one tortfeasor as a matter of law operates to release all concurring "joint" tortfeasors, despite the parties' express agreement to the contrary.[1] For several reasons I believe we should not.

First, the rule itself has been termed "an antiquated survival of an arbitrary common law procedural concept, arising out of long forgotten semi-criminal forms of action." Prosser & Keeton on Torts (5th Ed.) p. 133. It is a "surviving relic of the Cokian period of metaphysics." Wigmore, Release to One Joint-Tortfeasor, 17 Ill.L.Rev. 563.

In operation its results have been characterized as incongruous.

"More often than otherwise they are unjust and unintended. Wrongdoers who do not make or share in making reparation are discharged, while one willing to right the wrong and no more guilty bears the whole loss.... The rule shortchanges the claimant or overcharges the person who settles.... Finally, it is anomalous in legal theory, giving tortfeasors an advantage wholly inconsistent with the nature of their liability."

Mr. Justice Rutledge writing for the court in *McKenna v. Austin* (D.C.Cir.1943), 134 F.2d 659, 662 quoted with approval in *Wecker v. Kilmer* (1973), 260 Ind. 198, 294 N.E.2d 132, 135.

On the other hand, the supposed justifications for the rule appear illusory. The fear of double recovery is unfounded since the amount paid should be credited upon any judgment obtained against other tortfeasors and after judgment a plaintiff may proceed as he chooses in making collections from judgment debtors so the argument that he should not be allowed to proceed piecemeal has no merit. *Prosser & Keeton, supra,* p. 333.

To avoid some of these harsh consequences we have maintained a distinction between "releases" and other settlements denominated covenants not to sue, covenants not to execute or loan-receipt agreements. *Cooper v. Robert Hall Clothes* (1979), 271 Ind. 63, 390 N.E.2d 155. We have done so despite the fact that the distinction is entirely artificial. *McKenna v. Austin, supra,* 134 F.2d at 661.[2]

We have even construed the former to be the latter in order to avoid hardships and inequitable results. *See* the discussion in Judge White's opinion for the Court of Appeals in *Cooper v. Robert Hall Clothes, Inc.* (Ind.App.1978), 375 N.E.2d 1142, 1144; *reversed* 271 Ind. 63, 390 N.E.2d 155 and cases cited therein.

1. In the case at bar the release given to Chrysler Corporation expressly declared that it "should be in no way construed to release Leona Hoke from any liability...."

2. I agree that in some contexts it may remain viable to distinguish between barring a right and barring a remedy. In this context, however, the only purpose served is the self-contrived avoidance of the rule.

All of this has, however, been said before. In *Wecker v. Kilmer* (1973), 260 Ind. 198, 294 N.E.2d 132, on a certified question from the Seventh Circuit, our Supreme Court unanimously held that a release executed in favor of the driver of the vehicle which struck the vehicle in which plaintiff was a passenger would not bar plaintiff's action against a physician for malpractice in treating the injuries sustained in the collision. It said:

> "The actual form or title of the release is immaterial and parol evidence should be admitted to determine the intent of the parties."

294 N.E.2d at 135. The court stated that the two factors which should be controlling were (1) whether the injured party had actually received full satisfaction; and (2) whether the parties intended that the release be in full satisfaction of the injured party's claim. 294 N.E.2d at 135.

Five years later, in *Cooper v. Robert Hall Clothes, Inc.* (Ind.App.1978), 375 N.E.2d 1142, a case where the releasing instrument contained an express declaration that it was not intended to apply to Robert Hall Clothes, Judge White writing for this court determined that such reservations should be given effect in accordance with Section 885 of the Restatement of Torts as adopted in 1939.

The Supreme Court accepted transfer in *Cooper* and reinstated the trial court's dismissal based upon the release. It distinguished *Wecker* on the basis that *Wecker* dealt with independent and successive tortfeasors, not joint tortfeasors, and rejected the position of the Restatement.

While I am most mindful of our role as judges on an intermediate appellate court, I must suggest that *Cooper* was wrongly decided.

It appears to rely in the main upon the notion of the jointness in the tortfeasing. That notion and the inception of the rule arose at a time in English law when only

parties acting in concert could be joined in one action. However, as Prosser & Keeton explain:

> "Historically, and on policy grounds, it [the rule] has no justification, since causes of action against mere concurring tortfeasors not acting in concert have always been separate, and their separate character should not be affected by the possibility of joinder for procedural convenience. A surrender of one should not on any reasonable basis discharge the other, except to the extent that there has been full compensation."

Prosser & Keeton on Torts (5th Ed.) p. 333.

In *Cooper*, as here, the actions of the asserted tortfeasors, although concurring to produce one injury, were every bit as separate as the actions of the original wrongdoer and the treating physician in *Wecker*. In practical operation there is simply little reality to the "single entity" that concerned the *Cooper* court.

This is today underscored in Indiana by the legislative adoption of comparative negligence. That statute, while not directly applicable to this case, formally abolished the "single entity" concept as to independent concurrent tortfeasors by expressly recognizing that each such tortfeasor shall be liable to a plaintiff *only* to the extent of the percentage of the tortfeasor's own fault. IC 34–4–33–5(b)(4).

Of course, it is not enough that a case was mistakenly decided or that the rule it announced is merely no longer appropriate. Before such a case is overruled the court should be convinced that the "new" rule will be better than the benefit of predictability that comes from continued adherence to the old one.

Where the new rule follows that suggested by Judge White,[3] I have no hesitation in concluding the results would be much better. In its opinion in *Cooper* the Supreme Court decried engaging "in the patent subterfuge of calling a release a covenant not to sue when the language ... manifests a full and complete release...." 390 N.E.2d

---

**3.** "(1) A valid release of one tortfeasor from liability for a harm, given by the injured person, discharges all others liable for the same harm,

unless the parties to the release agree that the release shall not discharge the others and, if the

at 157–58. I would suggest there is no more patent a subterfuge than telling one party he may not now sue a separate tortfeasor although the settlement agreement he signed expressly reserved his right to do so, but telling him that his neighbor may bring such a suit because he used the hocus pocus of calling the agreement a covenant not to sue.

By following the position of the Restatement we would not frustrate those who have chosen to rely on devices such as the covenant not to sue. We would, in addition, support the expectations, fairly entered into, of those who expressly intended to reserve a right of action against some party or parties. We would frustrate only the windfall result to the tortfeasor who paid nothing towards settlement but contends his discharge is required because the wrong magic word was used.

I respectfully dissent. The reservation in the release should be given effect.

release is embodied in a document, unless such agreement appears in the document.

(2) A covenant not to sue one tortfeasor for a harm does not discharge any other liable for the harm.

(3) Payments made by one tortfeasor on account of a harm for which he and another are each liable, diminish the amount of the claim against the other whether or not it was so agreed at the time of payment and whether the payment was made before or after judgment; the extent of the diminution is the amount of the payment made, or a greater amount if so agreed between the payor and the injured person."

375 N.E.2d at 1145–46.