William BARKER, Plaintiff

v.

Charles William SUMNEY, Defendant.

No. 2514.

United States District Court
N. D. Indiana,
South Bend Division.
July 15, 1960.

Campbell, Livingston, Dildine & Haynie, Ft. Wayne, Ind., Byron C. Kennedy, Warsaw, Ind., for plaintiff.

Hunt & Suedhoff, Ft. Wayne, Ind., Jones, Obenchain, Johnson, Ford & Pankow, South Bend, Ind., for defendant.

GRANT, District Judge.

This is an action for personal injuries alleged to have been sustained by the plaintiff as a result of a May 13, 1958, rear-end collision between the defendant's semitractor and the plaintiff's farm tractor on U. S. Highway No. 30 near Warsaw, Indiana.

Subsequent to the institution of this action the defendant filed a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. The defendant bases its Motion on the grounds that subsequent to the filing of this action the plaintiff entered into an agreement entitled "Covenant Not to Sue" with the Michigan Surety Company and Pennsylvania, Indiana and Illinois Motor Express, Inc., and Charles William Sumney. It is defendant's position that "the legal effect of the agreement is to render moot the substantial questions presented by the plaintiff's Complaint herein".

The agreement, in addition to denying agency or scope of employment as regards Pennsylvania, Indiana and Illinois Motor Express, Inc., contains other introductory "Whereas" clauses which are set forth below for purposes of clarity.

"Whereas thereafter and on the 2d day of January, 1959, the said William Barker filed an action for damages against the said Charles William Sumney in the United States District Court for the Northern District of Indiana, South Bend Division, and therein alleged and averred that the said Charles William Sumney at the time of said collision was the agent, servant and employee of said Steinman, Inc., Steinman Trucking, Inc., or Orville Steinman, and said Pennsylvania, Indiana and Illinois Motor Express, Inc., and

"Whereas Markel Service, Incorporated and American Fidelity and Casualty Company had issued a policy of insurance to said Steinman, Inc., Steinman Trucking, Inc., and Orville Steinman, covering the said

tractor and trailer, which tractor the said Charles William Sumney was driving at the time of the accident aforesaid, and

"Whereas Michigan Surety Company, of Lansing, Michigan, had issued a policy of insurance to said Pennsylvania, Indiana and Illinois Motor Express, Inc., which policy was numbered C A 72678, and

\* \* \* \* \* \*

"Whereas the undersigned William Barker and the said Michigan Surety Company and Pennsylvania, Indiana and Illinois Motor Express, Inc., desire to set at rest the differences between them in the premises without in any manner prejudicing the right of said William Barker to proceed against the said Steinman, Inc., Steinman Trucking, Inc., or Orville Steinman, Markel Service, Incorporated and American Fidelity and Casualty Company, and

"Whereas the said William Barker has demanded and now demands a sum greatly in excess of that hereinafter mentioned as being paid by the said Michigan Surety Company and Pennsylvania, Indiana and Illinois Motor Express, Inc., to said William Barker \* \* \*."

The Covenant then proceeds to settle the differences of the plaintiff and Michigan Surety Company; Pennsylvania, Indiana and Illinois Motor Express, Inc., and the defendant, Charles William Sumney, whereby plaintiff agrees that:

"I will never sue or bring any action of any kind or character whatsoever, or take any action directly or indirectly against the said Michigan Surety Company and Pennsylvania, Indiana and Illinois Motor Express, Inc., or either of them, their successors or assigns, or in any manner, demand, take, accept or receive directly or indirectly any monies or other assets of any kind from the said Pennsylvania, Indiana and Illinois Motor Express, Inc., and Michigan Surety Company other than the *(amount omitted)* for any injuries or damages, either to my person or property sustained in said accident, and I further agree that I will never cause or permit any suit to be brought against said Pennsylvania, Indiana and Illinois Motor Express, Inc., and Michigan Surety Company, or either of them, their successors or assigns, *for the collection of any judgment which I may hereafter obtain against the said Steinman, Inc., Steinman Trucking, Inc., or Orville Steinman, or Charles William Sumney, for injuries or damages arising out of said accident and collision."* (Emphasis supplied.)

The paragraph which immediately follows is the focal point of the defendant's pending Motion for Summary Judgment. It provides as follows:

"And In Further Consideration of said payment I, the said William Barker, for myself, my heirs, administrators, executors and assigns, hereby agree that *I will never cause any execution to issue against Charles William Sumney on any judgment which I may obtain against him in the action aforesaid* (the instant case) *or attempt to collect said judgment from him* provided that nothing herein contained shall in any manner prevent me from proceeding against the said American Fidelity and Casualty Company and Markel Service, Incorporated, or either of them, to collect any judgment that may be obtained by me against the said Charles William Sumney or Steinman, Inc., Steinman Trucking, Inc., or Orville Steinman." (Emphasis supplied.)

In support of his Motion for Summary Judgment, the defendant contends that since the plaintiff has agreed never to execute any possible judgment obtained from the defendant, Sumney, and further, that by virtue of the provisions of Section 39–4309 of Burns Indiana Statutes (1952 Replacement) the plaintiff may not recover from the defendant's insurer until a levy of execution against

Sumney has been returned "unsatisfied", the action is rendered moot.

Section 39–4309 of Burns Indiana Statutes provides that:

"No policy of insurance against loss or damages resulting from accident to, etc., * * * shall be issued or delivered in this state * * unless there shall be contained within such policy a provision that the insolvency or bankruptcy of the person or persons insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of such policy, and stating that in case execution against the insured is returned unsatisfied * * * because of such insolvency or bankruptcy then an action may be maintained by the injured person, or his or her personal representative, against such domestic or foreign corporation, insurance underwriters, association or other insurer under the terms of the policy for the amount of the judgment in the said action not exceeding the amount of the policy. * * * "

■ A reading of the statute fails to support the defendant's position that as a condition precedent to the execution against the defendant's insurer of any possible judgment obtained against the defendant the plaintiff must first return an unsatisfied execution against the defendant himself. The portion of the statute pertinent here requires only that an insurance policy issued or delivered in Indiana provide for the right of an injured third party to bring an action against the insurer of the insolvent or bankrupt tort-feasor where an execution has been returned unsatisfied. It does not, however, provide the reverse to be true, that is, that an execution must be returned unsatisfied before suit can be brought against the tort-feasor's insurer.

It is obvious that the statute was enacted, not for the protection of the insurer but for the protection of the injured third party and the insured himself. Otherwise the financial responsibility laws enacted for the protection of the public would be rendered nugatory by the insertion in the policy of a clause relieving the insurer from liability where the insured is insolvent or bankrupt and thus leaving the injured third party remediless.

■ Notwithstanding this Court's belief that an unsatisfied execution need not be returned before execution may be had against the defendant tort-feasor's insurer, defendant's argument wholly fails to take cognizance of the fact that in the covenant the plaintiff reserved the right to sue the defendant and that this suit is within the meaning and intent of the covenant. Notwithstanding the title given the Covenant by the parties, this Court is convinced that, insofar as it relates to the precise question, here presented, what is before it is a "Covenant Not to Execute" on any possible judgment obtained against the named defendant Charles William Sumney. No necessity exists to warrant a discussion of the legal effect of such covenants. See Ivy v. Pacific Automobile Ins. Co., 1958, 156 Cal.App.2d 652, 320 P.2d 140, for a discussion in this regard. It must be concluded that the Covenant cannot be raised in bar at this stage of the proceedings but must await any possible execution levied against the defendant himself. It may very well be that circumstances surrounding the execution of the Covenant are such as to furnish the plaintiff with grounds to avoid the effect of the Covenant. Whether or not such circumstances exist is not known to the Court. But neither can this Court foreclose the plaintiff at this time from prosecuting this cause to completion by permitting the defendant to raise the Covenant in bar of this action. The defendant must await a future execution of a judgment, if any be rendered here, to raise the Covenant in defense thereof.

Of fundamental importance is the fact that the method by which the defendant

**302**

chose to raise the above question is by a Motion for Summary Judgment. Rule 56 (c) of the Federal Rules provides in pertinent part as follows:

"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

Consequently, in order for this Court to render Summary Judgment in favor of the defendant it must appear that no genuine issue exists as to any material fact. Inasmuch as Summary Judgment is sought only by virtue of the Covenant attached thereto, there being no affidavits, depositions or admissions before the Court either in support of or in opposition to the Motion for Summary Judgment, the Court must look to the Complaint, Answer and the Covenant itself to determine whether a genuine issue exists as to any material fact.

In Rhetorical Paragraph 7 the plaintiff alleges the negligence of the defendant in six particulars. By answer, the defendant denies the allegations of Rhetorical Paragraph 7. Thus it can be clearly seen that as regards the question of the defendant's negligence there does exist a genuine issue.

The language of the Covenant itself does not in any manner resolve the question of negligence. It specifically reserves to the plaintiff the right to proceed against the defendant to judgment, if any, in the instant case. Nothing in the Covenant lends itself in even a strained interpretation to the conclusion that the parties no longer are in dispute as to the negligence of the defendant.

For the reasons stated above, the motion of the defendant for Summary Judgment must be and is hereby denied.