AMERICAN TRANSPORT CO., INC. ET AL *v.* CENTRAL INDIANA RAILWAY CO.

[No. 1169S275. Filed December 1, 1970. No petition for rehearing filed.]

*Howard S. Young, Young & Young, R. Stanley Lawton, Alan H. Lobley, Ice Miller Donadio & Ryan,* all of Indianapolis, *Gerald P. Shine, Shine & Shine,* of Anderson, for appellants.

*Wilbur F. Pell, Jr., Pell & Matchett,* of Shelbyville, *Schrenker & Schrenker,* of Anderson, for appellee.

GIVAN, J.—Madison Superior Court, No. 2, issued a temporary injunction restraining The Anderson Banking Company as Administrator of the Estate of James Edward Jones from executing against the appellee, Central Indiana Railway Company, for the entire sum of a judgment rendered in a tort action. The administrator brings this appeal in which American Transport Company and its insurer, Liberty Mutual Insurance Company, join.

The facts in the record before us are as follows:

The original action for damages for the death of James Edward Jones was brought against American Transport Company and Central Indiana Railway Company as joint tortfeasors. The cause was venued to the Shelby Circuit Court where in due course the cause was submitted to a jury and a verdict returned for plaintiff in the amount of $132,000.00. Both American Transport and Central Indiana Railway filed motions for new trial, which were overruled. The administrator then entered into an agreement with American Transport and its insurance carrier, Liberty Mutual Insurance Company, in what was designated as a "covenant not to execute." By the terms of the agreement subject to the approval of the probate court having jurisdiction of the Estate of James Edward Jones, American Transport Company agreed to dismiss its appeal and abandon its legal defenses. The Anderson Banking Company as administrator agreed to pursue legal and equitable remedies for the collection of the judgment against Central Indiana Railway alone. Liberty Mutual Insurance Company on behalf of American Transport Company, Inc., agreed to advance to The Anderson Banking Company as Administrator of the Estate of James Edward Jones the sum of $85,000.00 upon the understanding and condition that if the administrator was ultimately unsuccessful in collecting its judgment from Central Indiana Railway it would have no responsibility to repay the $85,000.00 to Liberty Mutual. If on the other hand The Anderson Banking Company as administrator succeeded in its action against Central Indiana Railway

in collecting any part of the judgment, the administrator agreed that it would set aside from such funds the sum of $47,000.00 plus interest on the amount of the judgment until it was paid, plus court costs and plus the cost of printing the briefs on appeal should the matter be pursued that far. These sums so calculated were to be the property of the administrator and not subject to the repayment of the advancements made pursuant to the agreement. Funds received from Central Indiana Railway in excess of the above amounts were to be used for the purpose of repaying Liberty Mutual Insurance Company the monies advanced pursuant to the agreement. It was the stated purpose in the agreement to furnish the widow and dependent children of the decedent the gross amount of $85,000.00 free from any and all chance of loss and to make those funds immediately available, but at the same time retain for the widow and dependent children the opportunity to recover the full amount of the original judgment. It was specified that the amount of repayment would never exceed $85,000.00, but that it would be possible that the entire advancement of $85,000.00 would be recovered by the company. This agreement was approved by the Madison Superior Court on July 29, 1965. American Transport immediately dismissed its appeal, but the railroad continued its appeal and the Appellate Court on October 14, 1968, affirmed the judgment against the railroad. See 240 N. E. 2d 840. This Court denied transfer with an opinion. See 247 N. E. 2d 208.

On July 18, 1969, the railroad filed its complaint for temporary and permanent injunction in Madison Superior Court, No. 2, against American Transport Company, Inc., Transport Motor Express, its successor in interest, The Anderson Banking Company as administrator, and Liberty Mutual Insurance Company as the liability insurance carrier. The railroad obtained a restraining order without notice restraining The Anderson Banking Company from executing on the judgment of the Shelby Circuit Court against the railroad in the sum of $132,000.00 other than by accepting $69,083.96 which had

been conditionally offered by the railroad in full satisfaction of the judgment. After hearing on the matter the Madison Superior Court, No. 2, on October 27, 1969, issued the temporary injunction requested from which this appeal was taken.

Appellant claims the trial court erred in granting the temporary injunction on the ground that the payment of $85,000.00 under the terms of the agreement constituted partial payment of the judgment of the Shelby Circuit Court and that the railroad had a right to indemnity against American Transport. On the one hand the appellant contends the agreement was a loan agreement between American Transport and the administrator, and on the other hand the appellee contends that it was merely a covenant not to execute and the payment of $85,000.00 constituted partial payment of the judgment and that the railroad was entitled to *pro tanto* credit of the $85,000.00 on the judgment. We look to the express terms of the agreement to determine the intent of the parties as to its true nature. *Klukas* v. *Yount* (1951), 121 Ind. App. 160, 98 N. E. 2d 227.

The terms of the agreement as above set out clearly indicate that the administrator and the trucking company, together with its insurer, clearly understood the law of loan agreements as it exists in Indiana and had every intention of coming within the purview of that law. The Indiana Appellate Court in the recent case of *Northern Indiana Public Service Company et al.* v. *Regina Otis* (1969), 250 N. E. 2d 378, 18 Ind. Dec. 277, in an opinion by Judge Sharp presents an excellent discussion on the law in Indiana as it concerns loan receipt agreements between one joint tort-feasor and the injured party. As pointed out by Judge Sharp in his opinion, there can be no doubt that the appellant-plaintiff could have proceeded against only one of the joint tort-feasors or after obtaining a judgment against both tort-feasors the administrator could at that point levy execution on the judgment against either of the tort-feasors and obtain full satisfaction

from either. The only restriction, of course, is that the person seeking relief receive only one full satisfaction. As the Appellate Court observed, this technique has been used by the railroads for at least thirty years to induce injured parties to proceed against the railroads' joint tort-feasor. Loan receipt agreements are certainly desirable from the point of view of the damaged party. All members of the bench and bar are aware of and concerned with the fact that an injured party may wait several years while prolonged and varied court battles are waged before actually obtaining redress for the injury. In the case at bar decedent died August 5, 1957. In situations such as the case at bar, where the death of the decedent leaves a widow with dependant children, the dire need for immediate funds to compensate for the loss of the earnings of the husband and father may be withheld during that period of time when the maintenance and the education of the children is at its greatest need. Thus meaningful compensation is greately impaired by the sheer passage of time. The willingness of one joint tort-feasor to place a substantial sum of money at the disposal of the damaged party with a possibility of no recoupment is certainly to be encouraged.

We hold that the agreement in this case was in fact a loan receipt agreement, and that it in no way constituted a partial payment or partial satisfaction of the judgment rendered by the Shelby Circuit Court. The trial court was in error in granting the temporary restraining order. Appellant is, under the law of Indiana, entitled to proceed against the appellee, Central Indiana Railway Company, for the full amount of said judgment. It is, of course, then liable under the terms of the agreement for the repayment of the loan from American Transport and its insurance carrier. Judgment is, therefore, reversed with instructions that the trial court dissolve the temporary injunction heretofore issued and to enter judgment not inconsistent with the views stated in this opinion.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., dissents without opinion.

NOTE.—Reported in 264 N. E. 2d 64.