**STATE of Indiana, Plaintiff-Appellant,**

v.

**Gerard A. BIRCHER, et al.,
Defendants-Appellees.**

**No. 1–582A116.**

Court of Appeals of Indiana,
First District.

Feb. 15, 1983.

Rehearing Denied April 11, 1983.

Linley E. Pearson, Atty. Gen., Jeffrey G. Fihn, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

Gary K. Kemper, Jenner & Kemper, Madison, for defendants-appellees.

RATLIFF, Judge.

## STATEMENT OF THE CASE

Appellant State of Indiana appeals from an award of the Jefferson Circuit Court granting appellees additur and litigation expenses in an action for appropriation of real estate. We reverse.

## FACTS

On September 27, 1974, the state filed a complaint seeking to appropriate 14.261 acres of real property in Jefferson County. The state condemned the property in order to acquire land for the improvement of Indiana S.R. 62 and a corresponding right-of-way connected therewith. Summons was served on September 28, 1974. The trial court then appointed three disinterested freeholders of Jefferson County to appraise the value of the land taken as of that date. The appraisers filed their report with the court stating that the Birchers had sustained damages to the land appropriated of $21,000.00, damages to the residue of $5,000.00, and damages from construction of improvements in the manner proposed of $1,500.00, for a total of $27,500.00 in damages. However, none of the court-appointed appraisers testified at trial. Rather, Birchers' expert witnesses, both licensed real estate brokers and appraisers, testified that the damages resulting from the state's taking amounted to $73,800.00 and $75,932.00. The state's expert witnesses at trial, one an employee and staff appraiser of the Indiana State Highway Commission and the other a fee appraiser, testified that the Birchers had suffered damages in the amounts of $12,225.00 and $12,000.00, respectively. The jury returned a verdict of $15,000.00 for defendant landowners,[1] plus interest. The trial court also awarded litigation expenses of $2,500.00. Both parties filed motions to correct error, the state alleging error in the court's award of litigation expenses and defendant landowners alleging that the jury's verdict was not supported by sufficient evidence and was contrary to the weight of the evidence. The trial court subsequently entered final judgment awarding the Birchers $27,500.00 and affirming its prior award of litigation expenses. From this judgment and award the state now appeals.

## ISSUES

The state presents four issues for review. Combined and rephrased, they are as follows:

1. The Madison Bank and Trust Company and the county auditor and treasurer of Jefferson County were also defendants by virtue of prior existing interests in the land. However, they did not participate at trial.

1. Did the trial court err in awarding defendant landowners litigation expenses?

2. Did the trial court err in increasing the jury's award?

## DISCUSSION AND DECISION

*Issue One*

■ The trial court erred in awarding defendant landowners litigation expenses.

At the conclusion of trial, subsequent to the return of the jury's verdict, the trial court awarded defendant landowners $2,500.00 in litigation expenses pursuant to Indiana Code section 32–11–1–10 (1982). The state argues that the statute was inapplicable to the instant case by virtue of the express language of its enabling legislation. Birchers contend that as the action was tried after the effective date of the statute, the trial court properly applied the statute to the case at bar. Appellee's argument is at best specious.

Eminent domain proceedings in Indiana are governed by statute. Ind.Code §§ 32–11–1–1 to –13 (1982). At issue in the instant appeal are the provisions of Indiana Code sections 32–11–1–8.1 and 32–11–1–10. Section 8.1 requires the condemning authority to make an offer of settlement prior to trial.[2] Section 10 requires the trial court to allow litigation expenses up to $2,500.00 to the defendants in a condemnation proceeding, when trial results in a judgment greater than the condemning authority's last offer of settlement.[3] Both section 8.1 and the relevant portion of section 10 were added by the 1977 Indiana Acts, Public Law 312. Section 4 of Public Law 312 states, in relevant part, that "[t]his act does not apply to any project for which offers to purchase have been mailed or negotiations have been entered into with the owners of affected property, if such mailings or negotiations occurred before July 1, 1977." An examination of the record does not reveal the actual offer of settlement made by the state to the defendant landowners. However, defendants, in their denominated "VERIFIED REQUEST FOR PAYMENT OF DAMAGES ASSESSED", acknowledge "[t]hat the highest offer made by the plaintiff to the defendants collectively for their interest in or damages sustained in respect to the land or interest therein which has been appropriated is $12,235." (Record at 68). Defendant landowner's verified request was filed December 2, 1975, as evidenced by the file stamp of the Jefferson Circuit Court clerk. While the actual offer was not before the court,[4] the court could not, and did

---

2. Section 8.1 provides, in pertinent part, that:

"(a) Not less than ten (10) days before any trial involving the issue of damages, plaintiff shall and defendant may file and serve on the other party an offer of settlement, and within five (5) days thereafter the party served may respond by filing and serving upon the other party an acceptance or a counter offer of settlement. The offer shall state that it is made under this section and specify the amount, exclusive of interest and costs, which the party serving the offer is willing to agree to as just compensation and damages for the property or interest therein sought to be taken....

....

(c) If the offer is rejected, it may not be referred to for any purpose at the trial, but may be considered solely for the purpose of awarding costs and litigation expenses under section 10 of this chapter."
Ind.Code § 32–11–1–8.1. *Cf.* Ind.Code § 32–11–1–1 (1982) (requiring that the condemning authority "shall make an effort to purchase ... such lands") and Ind.Code § 32–11–1–2.1(b) (1982) (requiring that the condemnor "shall ... make an offer to purchase the property" at least thirty (30) days prior to filing a complaint in condemnation).

3. Section 10 provides that:

"The costs of the proceedings shall be paid by the plaintiff, except that in case of trial the additional costs thereby caused shall be paid as the court shall adjudge. *However, if, in case of trial, the amount of damages awarded to the defendant by the judgment, exclusive of interest and costs, is greater than the amount specified in the last offer of settlement made by the plaintiff under section 8.1 of this chapter, the court shall allow the defendant his litigation expenses in an amount not to exceed twenty-five hundred dollars ($2,500).*" Ind.Code § 32–11–1–10 (Emphasis supplied).

4. The court's judgment noted:

"F. That plaintiff, having failed to file with this court prior to trial, an offer of settlement and the Court being advised that the offer of settlement was less than the amount of damages awarded defendants, Birchers, at trial in the above cause is greater than said offer, now

not,[5] ignore the landowner's admission that the state had made a pretrial offer of settlement which was lower in amount than the jury's verdict. However, by the defendants' own admission in their verified request, they acknowledge that an offer to purchase and/or negotiations had occurred prior to July 1, 1977. The clear language of section 4 of Public Law 312 exempts from its purview any project for which offers to purchase or negotiations have occurred prior to July 1, 1977. There can be no doubt but that the award of litigation expenses was improper. The trial court, therefore, committed reversible error when it awarded litigation expenses pursuant to Section 10.[6]

*Issue Two*

The trial court erred in granting additur in the face of conflicting evidence of damages.

■ Subsequent to the jury's award and the trial court's initial judgment, both parties filed motions to correct error. After the trial court granted additur in its final judgment, the state proceeded with the instant appeal without filing another motion to correct errors. Appellee landowners contend that the state has not preserved the question of additur because timely objection was not properly made in the proceedings. The state contends that neither a second motion to correct errors nor an objection are necessary once the initial motion to correct errors has been filed and the trial court subsequently alters the judgment. We agree with the state's position.

The filing of motions to correct error is governed by Indiana Rules of Civil Procedure, Trial Rule 59. Trial Rule 59(F), in effect at trial, states that "[a] party who is prejudiced by any modification or setting aside of a final judgment or an appealable final order following the filing of a motion to correct error may appeal that ruling without filing a motion to correct error." Subparagraph (F) is dispositive of Birchers' contention. The state did not waive its argument by failing to file a second motion to correct errors. *See Breeze v. Breeze,* (1981) Ind., 421 N.E.2d 647, 650. *Cf. P–M Gas & Wash Co., Inc. v. Smith,* (1978) 268 Ind. 297, 306, 375 N.E.2d 592, 596–97. It is clearly not required to do so. With this aside, we now turn to appellant's argument that additur was improperly granted.

■ After both parties had filed motions to correct error, the trial court granted additur, increasing Birchers' award from $15,000.00 to $27,500.00. Appellee landowners argue that the trial court properly granted additur because the jury's verdict was against the weight of the evidence and contrary to the evidence. The state contends that the trial court could not grant additur where the jury returned a verdict within the bounds of the evidence presented. Once again, we are constrained to agree with the state's contentions.

Upon its determination that the damages awarded are inadequate, the trial court has three distinct options. *Weenig v. Wood,* (1976) 169 Ind.App. 413, 444–45, 349 N.E.2d 235, 253, *trans. denied;* Indiana Rules of Civil Procedure, Trial Rule 59(J)(5). The court may "enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur." Trial Rule 59(J)(5). However, the trial court's ability to enter final judgment on the evidence for the amount of proper damages is not without its constraints.

■ The trial court cannot properly vary the jury's award and enter judgment for a different amount unless it finds, as a matter of law, that the damages awarded were excessive or inadequate. *Weenig v. Wood,*

---

finds that defendant is allowed his litigation expenses in the amount of $2,500.00.

**5.** *See* note 4 *supra.*

**6.** While we do not reach the issue because of our decision in this case, we do note peripherally that section 10 allows litigation expenses *up*

to $2,500.00. This would seemingly require supporting proof at trial just as do most attorney fee awards where the case is neither routine nor the amount small. *See Berkemeier v. Rushville National Bank,* (1982) Ind.App., 438 N.E.2d 1054, 1058. No such proof was adduced at trial in the instant case.

(1976) 169 Ind.App. at 450–51, 349 N.E.2d at 257. *Weenig* involved a defamation suit by Wood against Weenig individually and against the corporation of which Weenig was president. The jury awarded actual damages of $150,000.00 and punitive damages of $50,000.00 against Weenig personally, the claim against the corporation having been dropped. The trial court reduced the award as excessive to $25,000.00 actual damages and $5,000.00 punitive damages and entered judgment for Wood in the reduced amount. On appeal, the second district, while affirming the finding of liability, reversed the judgment as to the award and ordered the trial court to enter judgment on the jury's verdict as to damages as well. The court held that "the court below could not have properly reduced the jury's award and entered judgment for the reduced amount unless it could find that the damages were excessive *as a matter of law.*" *Id.* (Emphasis in the original). While both *Weenig* and *Borowski v. Rupert,* (1972) 152 Ind.App. 9, 281 N.E.2d 502, *trans. denied,* support the notion that the trial court may, in appropriate circumstances, vary the jury's award of damages without granting a new trial, the court in *Weenig* noted that by entering the realm of the fact finder as a thirteenth juror,[7] the trial court had violated the common law right of trial by jury where issues of fact are concerned. *Weenig,* 169 Ind.App. 448–49, 349 N.E.2d at 255–56. *Weenig* thereby established, and we hereby reaffirm, the proposition that the trial court may properly enter an absolute judgment different from the jury's verdict only when it is convinced that the verdict is erroneous as a matter of law.

Although *Weenig* involves the reduction of a jury's award, its rationale applies with equal force where the jury's verdict is increased. In the instant case, evidence of damages was conflicting and ranged from $12,000.00 to $75,932.00. The jury's award of $15,000 was within the evidence presented at trial. Consequently, we cannot say that the verdict was erroneous as a matter of law. We, therefore, hold that the trial court committed reversible error in granting additur.

Accordingly, we reverse and remand this case to the trial court with orders to vacate its final judgment and to enter judgment on the jury's verdict. The trial court is also ordered to strike the award of litigation expenses.

Reversed and remanded with instructions.

ROBERTSON, P.J., and NEAL, J., concur.

---

7. The thirteenth juror principle allows the trial judge to order a new trial when convinced that the evidence preponderates against the verdict. *Weenig,* 169 Ind.App. at 450, 349 N.E.2d at 256; *Bailey v. Kain,* (1963) 135 Ind.App. 657, 662, 192 N.E.2d 486, 488, *trans. denied.* However, as the court in *Weenig* noted, the thirteenth juror rule applies only in cases in which a new trial is requested. It does not apply where a new trial is not granted, as in the instant case. *Weenig,* 169 Ind.App. at 447–48, 349 N.E.2d at 255.