**Albert SANDERS and Eleanore Sanders,
Appellants (Plaintiffs Below),**

v.

**COLE MUNICIPAL FINANCE, et al.,
Appellees (Defendants Below).**

**No. 3–185A24.**

Court of Appeals of Indiana,
Third District.

Feb. 24, 1986.

Rehearing Denied April 18, 1986.

Albert C. Hand, William H. Walden, Hand, Muenich & Wilk, Highland, Terrence L. Smith, East Chicago, for appellants (plaintiffs below).

Joseph Stalmack, Galvin, Stalmack, Kirschner & Clark, Hammond, for appellees (defendants below).

HOFFMAN, Judge.

Appellants Albert Sanders (Sanders) and his wife, Eleanore (Mrs. Sanders), brought suit against multiple defendants for damages attributable to injuries received by Sanders while he was employed at Youngstown Sheet and Tube Company. The injuries occurred when a section of a dust receptacle dropped through the roof and onto the floor of Sanders' work area. Dust engulfed the area and Sanders, unable to get his breath, began to run blindly trying to find fresh air. Sanders thought he was moving toward a railed area of his work area but instead fell into an open slag pit, dropping 30 to 40 feet. As a result of the fall, Sanders suffered multiple injuries alleged to result in permanent conditions of complete paralysis of his lower body and partial paralysis of his upper body. In addition to Sanders' injuries, Mrs. Sanders sued for loss of society, companionship and consortium and loss of benefit of Sanders' earnings, income and services. The couple sought $1,040,000.00 for Sanders and $300,000.00 for Mrs. Sanders.

Prior to trial, plaintiffs entered into agreements with all defendants except appellee Cole. These agreements were in the form of covenants not to sue or execute except for one which was a loan receipt agreement. No one challenges this characterization of the documents involved. All documents reserved the rights of the plaintiffs to proceed against co-defendants.

After a trial to a jury, a verdict was returned in favor of appellants in the amount of $320,000.00. The trial court thereafter credited the amount appellants had received for the covenants not to sue or execute against the $320,000.00. The appellants having received more than the verdict amount of $320,000.00 according to these calculations, the trial court entered an order of judgment for the appellee Cole. From this action, this appeal was taken.

Appellants present three issues for review, which are as restated:

(1) the trial court erred in granting appellee's alternative motion for pro-

tanto discharge or for conforming the pleadings to the evidence;

(2) the trial court erred in denying appellants' motion for a new trial subject to additur or for a judgment for an amount greater than the verdict; and

(3) the trial court erred in entering judgment for Cole.[1]

Appellants allege the trial court erred in granting appellee's motion for pro-tanto discharge. Through the discharge, the appellants assert the court has failed to give effect to the express terms of the covenants not to sue or execute which were intended to be only a partial satisfaction of their claims.

■ The law as to the options of a plaintiff is well settled and set out in *N.I.P.S. Co. v. Otis* (1969), 145 Ind.App. 159, 179, 250 N.E.2d 378, 392, *reh. denied, trans. denied (NIPSCO):*

"It is elementary the Appellee-Plaintiff could have chosen to sue only one of the two defendants. She could also have chosen to levy execution on a judgment against either tortfeasor and received full satisfaction thereof against either provided she received only one full satisfaction. She could have received part satisfaction from one tortfeasor in consideration for a covenant not to execute and proceeded for the balance of the judgment against the remaining tortfeasor. Likewise, she could have executed a covenant not to sue as to one potential joint tortfeasor and proceeded against the other. *Black v. Marsh,* 31 Ind.App. 53, 67 N.E. 201 (1903); *Parry Mfg. Co. v. Crull,* 56 Ind.App. 77, 101 N.E. 756 (1913); *Bedwell v. DeBolt,* 221 Ind. 600, 50 N.E.2d 875 (1943); *Cleveland, C.C. and St.L.Ry. Co. v. Gossett,* 172 Ind. 525, 87 N.E. 723 (1909)."

Entering into an agreement of one kind or another is simply the statement of the choice as to which tortfeasors to proceed against. *Cooper v. Robert Hall Clothes, Inc.* (1979), 271 Ind. 63, 390 N.E.2d 155,

157. In determining the correct characterization of the agreement, the intention of the parties to the transaction is relevant. *Klukas v. Yount* (1951), 121 Ind.App. 160, 165, 98 N.E.2d 227. However, once the type of transaction is identified, the effect is established by law.

■ If the agreement is a covenant not to sue and the co-defendants are jointly and severally liable, the funds received by the plaintiff for a covenant not to sue with any defendant must be credited pro-tanto against any judgment against any co-defendant. The principle behind this credit is that the injured party is entitled to only one satisfaction for a single injury and the payment by one joint tortfeasor inures to the benefit of all. *Bedwell v. DeBolt* (1943), 221 Ind. 600, 50 N.E.2d 875; *Scott v. Krueger et al.* (1972), 151 Ind.App. 479, 280 N.E.2d 336, *trans. denied; Parry Mfg. Co. v. Crull* (1913), 56 Ind.App. 77, 101 N.E. 756, *trans denied* (1914).

■ If the agreement is found to be a loan receipt agreement, the funds received by the plaintiff are not to be credited against a subsequent judgment. These funds are not a partial payment of a judgment but provide the injured party with needed funds while litigation is pending and are subject to repayment. *Duke's GMC, Inc. v. Erskine* (1983), Ind.App., 447 N.E.2d 1118, *trans. denied.*

■ If the agreement is a covenant not to execute, the funds received for the agreement are credited as a partial satisfaction of the judgment, *NIPSCO, supra.* Otherwise the covenant not to execute is not relevant until the injured party tries to collect the judgment and it may then be used as a defense to collection. *Barker v. Summey* (N.D.Ind.1960) 185 F.Supp. 298.

In the present case, all the agreements were found to be covenants not to sue or execute except one which was found to be a loan receipt agreement. The agreements

1. Appellee presents two other issues for review which are not addressed due to the disposition based on appellants' issues.

were not found to foreclose appellants' rights to proceed against the other co-defendants as is evidenced by this proceeding. Thus the intention of the parties to reserve their rights against the non-agreeing co-defendants has been given effect. However, in the absence of a total release of all tortfeasors in the agreement, whether the funds received are a partial or total satisfaction is determined by simply applying the amount received against the amount of the verdict rendered. *Scott v. Krueger, supra,* 280 N.E.2d at 357.

■ Appellants argue this result of reducing the judgment recoverable against the non-agreeing co-defendant is unfair to the settling co-defendants. However, the co-defendants cannot enforce contribution and are each liable for the entire amount of damages. Therefore none of the co-defendants has a legal right to complain. *Parry Mfg. Co. v. Crull, supra.*

■ Appellants also argue that the credits against the amount of the verdict were in error because the funds were received in settlement of independent rather than joint acts of negligence. Although the various co-defendants may have in fact engaged in separate and independent acts of negligence, the appellants have sustained but one injury. Where separate and independent acts of negligence combine to cause a single injury, the injured party is entitled to only one satisfaction. *Westfield Gas and Milling Company v. Abernathy* (1893), 8 Ind.App. 73, 35 N.E. 399. Even though each co-defendant's separate and independent act alone did not cause the injury, the acts have united to cause an injury and each tortfeasor is jointly and severally liable. The injured party may obtain several judgments against the different defendants but is still entitled to but one recompense for the single injury. *Brown v. Kemp, Admx.* (1919), 71 Ind.App. 281, 124 N.E. 777. *See also: E.Z. Gas, Inc. v. Hydrocarbon Transp. Inc.* (1984), Ind. App., 471 N.E.2d 316.

The appellants also assert that the pro-tanto credit was granted in error because the appellee failed to raise the affirmative defense of pro-tanto satisfaction.

Trial Rule 8(C) provides for the pleading of affirmative defenses:

"TRIAL RULE 8. GENERAL RULE OF PLEADING

\* \* \* \* \* \*

(C) Affirmative Defenses. A responsive pleading shall set forth affirmatively and carry the burden of proving: Accord and satisfaction, arbitration and award, discharge in bankruptcy, duress, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, waiver, lack of jurisdiction over the subject-matter, lack of jurisdiction over the person, improper venue, insufficiency of process or service of process, the same action pending in another state court of this state, and any other matter constituting an avoidance, matter of abatement, or affirmative defense. A party required to affirmatively plead any matters, including matters formerly required to be pleaded affirmatively by reply, shall have the burden of proving such matters. The burden of proof imposed by this or any other provision of these rules is subject to the rules of evidence or any statute fixing a different rule. If the pleading mistakenly designates a defense as a counterclaim or a counterclaim as a defense, the court shall treat the pleading as if there had been a proper designation."

Trial Rule 12(B) provides, in pertinent part, for the manner of presenting the defenses:

"TRIAL RULE 12. DEFENSES AND OBJECTIONS—WHEN AND HOW PRESENTED—BY PLEADING OR MOTION—MOTION FOR JUDGMENT ON THE PLEADINGS

\* \* \* \* \* \*

(B) How Presented. Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be

asserted in the responsive pleading thereto if one is required[.]'"

In addition, Trial Rule 15(B) provides, in pertinent part, for the amendment of the pleadings in order to reflect those issues not initially raised in the pleadings, but litigated by the parties:

"TRIAL RULE 15. AMENDED AND SUPPLEMENTAL PLEADINGS

\* \* \* \* \* \*

(B) Amendments to Conform to the Evidence. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues."

■ Concerning the actual pleading of the defense of satisfaction, paragraph 3 of Cole's answer alleges the plaintiffs have been fully paid for their injuries. Such language has been found sufficient to raise the issue of satisfaction due to entering of a covenant not to sue. In *Bedwell v. DeBolt, supra,* the Indiana Supreme Court found the defendant should have been permitted to enter evidence as to full compensation by a co-tortfeasor, the defendant having raised the issue by way of answer alleging payment. *Bedwell v. DeBolt, supra,* 221 Ind. at 609–610, 50 N.E.2d 875.

■ However, even if the defense was not properly pleaded, the issue was properly before the court. The agreements are listed as exhibits for appellee's case on the pre-trial order. The agreements were the subject of a motion in limine requested by appellants pursuant to which the court ruled evidence of the agreements was not admissible in the appellee's case-in-chief due to possible prejudice. However, the court ruled it would consider the documents after the verdict, and, during trial, they could be used for impeachment of defendant's credibility. At trial, the appellee then tried to admit the evidence for the limited purpose of pro-tanto **discharge.** Appellants' objection to the introduction of the evidence at that time was based on lack of relevancy. Appellants' counsel stated at the time of the objection that the agreements would become relevant if a judgment was returned for appellants and, if such occurred, he would call the man to the stand who handled the agreements in order to have them admitted into evidence. In addition appellants' counsel stated he would at that time stipulate to authenticity and materiality of the agreements. As was stated in *James v. Brink & Erb, Inc.* (1983), Ind.App., 452 N.E.2d 414, 417:

"The general rule is that the issues in a case are established by the evidence introduced at trial rather than by the pleadings. *Svetich v. Svetich* (1981), Ind.App., 425 N.E.2d 191, 193–94 (*trans. denied*). Ind.Rules of Procedure, TR. 15(B) provides, in pertinent part:

'When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings....'

TR. 15(B) also permits amendment to include issues not set forth in the pre-trial order. *Dominguez v. Gallmeyer* (1980), Ind.App., 402 N.E.2d 1295, 1299 (*trans denied*). However, before a party may impliedly consent to the trial of an issue, he must receive some notice of that issue. *Svetich, supra.* Implied consent will not be found if the evidence establishing the new issue is introduced as part of the trial of an already pleaded issue. *Elkhart Cty. Farm Bur. Co-op. v. Hochstetler* (1981), Ind.App., 418 N.E.2d 280, 283–85. Fairness requires that the opposing party knew or should have known that the unpleaded issue was being presented. *Svetich, supra.*"

The above-stated rule is to assure notice and time for preparation of defense. *Apple v. Kile* (1983), Ind.App., 457 N.E.2d 254, 257, *trans. denied.* In the present case the appellants certainly had notice of the issue and the intended use of the evi-

dence. Only the appropriate time for admission and extent of use of the evidence was in question. Through the motion in limine and objection during trial, appellants were successful in keeping the evidence from the jury. However the use of the evidence by the court was litigated and the agreements were properly subject to the court's consideration. It is important to note that the issue of whether or not the evidence should be admitted for the jury's use is separate from the issue of consideration of the agreements by the court to determine their character and proper use as a credit against any judgment. The issue of the placing of the substance of the agreements before the jury is determined by the pleadings of the defendant, the status of the various parties at time of trial and the course of the litigation itself. *State v. Ingram* (1981), Ind., 427 N.E.2d 444. The court must still consider the nature of the agreements and credit funds received against a judgment in accordance with the principle allowing only one satisfaction set out above even if the evidence of such agreements is not before the jury. *See: Barker v. Cole* (1979), Ind.App., 396 N.E.2d 964, *reh. denied; Scott v. Krueger, supra,* 151 Ind.App. 479, 280 N.E.2d 336.

■■■ Appellants also assert their recovery was so inadequate it was error for the trial court to deny entry of a judgment for an amount greater than the verdict amount or, in the alternative, a new trial subject to additur.

Trial Rule 59(J) provides in pertinent part:

"TRIAL RULE 59. MOTION TO CORRECT ERROR

\*     \*     \*     \*     \*     \*

(J) Relief Granted on Motion to Correct Error. The court, if it determines that prejudicial or harmful error has been committed, shall take such action as will cure the error, including without limitation the following with respect to all or some of the parties and all or some of the errors:

(1) Grant a new trial;

(2) Enter final judgment;

(3) Alter, amend, modify or correct judgment;

(4) Amend or correct the findings or judgment as provided in Rule 52(B);

(5) In the case of excessive or inadequate damages, enter final judgment on the evidence for the amount of the proper damages, grant a new trial, or grant a new trial subject to additur or remittitur;

(6) Grant any other appropriate relief, or make subject to condition; or

(7) In reviewing the evidence, the court shall grant a new trial if it determines that the verdict of a non-advisory jury is against the weight of the evidence; and shall enter judgment, subject to the provisions herein, if the court determines that the verdict of a non-advisory jury is clearly erroneous as contrary to or not supported by the evidence, or if the court determines that the findings and judgment upon issues tried without a jury or with an advisory jury are against the weight of the evidence."

Pursuant to this rule, "[t]he trial court cannot properly vary the jury's award and enter judgment for a different amount unless it finds, as a matter of law, that the damages awarded were excessive or inadequate. *Weenig v. Wood,* (1976) 169 Ind. App. at 450–451, 349 N.E.2d at 257." *State v. Bircher* (1983), Ind.App., 446 N.E.2d 607, 610, *trans. denied.* While *Weenig,* cited above, involved a reduction of the jury's verdict, the rationale therein applies also to a situation where additur is in issue. *State v. Bircher, supra. Bircher* reaffirms the *Weenig* principle of prohibition as to altering the jury verdict unless it is excessive or inadequate as a matter of law. *State v. Bircher, supra.*

■■■ Each case must rest on its own merits since, although there can be similarities with other cases, the facts and circumstances will be peculiar to each case. Considering the evidence in this case, the damages assessed here cannot be said to be inadequate to the point of being the result

of prejudice, partiality or corruption. *See: NIPSCO, supra,* 250 N.E.2d at 395–396. Appellants presented the testimony of Sanders, Mrs. Sanders and their son as to Sanders' physical condition and life-style. Although the exhibits are not within the record of proceedings furnished this Court, the trial transcript indicates appellants entered into evidence a compilation of expenses for medicine. However, appellants were unable to lay a proper foundation for admission of a compilation of hospital expenses and withdrew the exhibit. Sanders' testimony failed to establish his length of stay in various hospital facilities. He indicated he had therapy but the extent was not specific and, as indicated above, the evidence of expenses was not entered into evidence. In addition, whether Sanders could have established more use of his body from therapy was not clear from the testimony. Finally, Sanders was 57 years old at the time of the accident and was equivocal on how many years he would have continued to work but for the injury. Sanders' son's testimony added little except to specify the home improvements and facilities Sanders could use to make his life more pleasant.

Other than this testimony, the only evidence as to damages was presented through the testimony of an expert witness, an economist, who gave his opinion that the loss of earnings and medical care services totalled an amount of over $860,-000.00. Even though the appellee did not present contradictory evidence as to damages, as opinion testimony the jury was free to accept or reject same, even to the point of supplanting its conclusion for that of the expert. *Noblesville Casting Div. of TRW v. Prince* (1982), Ind., 438 N.E.2d 722. The evidence of damages was thus variable and the proper amount was within the province of the jury which returned a verdict for $320,000.00. This amount was within the range of the variable evidence, was not therefore, as a matter of law, inadequate and was not subject to variation by the court. *Coffel v. Perry* (1983), Ind. App., 452 N.E.2d 1066, 1068–1069.

As an alternative to the request for entry of a judgment in an increased amount, the appellants requested a new trial subject to additur. The trial court denied the request and appellants allege the denial was error. The appellate court accords a strong presumption of correctness to the trial court's decision on a motion for new trial, and the decision is reversed only for abuse of discretion. *State v. Kallembach* (1983), Ind.App., 452 N.E.2d 1027, *trans. denied.*

On a motion for a new trial, the trial court acts as a "thirteenth juror" and weighs the evidence and assesses the credibility of witnesses. If the court finds the conclusion of the jury is contrary to that which should have been reached in the minds of reasonable men, a new trial is correctly granted. *Coffel v. Perry, supra,* 452 N.E.2d at 1068. This is true of a new trial subject to additur. *Borowski v. Rupert* (1972), 152 Ind.App. 9, 281 N.E.2d 502, *trans. denied.* As discussed above, the evidence in this case was variable and opinions were subject to jury assessment. Therefore, it was not an abuse of discretion for the trial court to find the jury verdict supported by a preponderance of the evidence and deny a new trial.

Appellants also urge that a new trial on the issue of damages only would be proper under the circumstances. However, such relief requires as a basis a finding of inadequate damages, *State v. Tabler* (1978), 178 Ind.App. 31, 381 N.E.2d 502, *trans. denied,* 272 Ind. 32, 395 N.E.2d 787 (1979), and such a finding was not appropriate in this case for the reasons stated above.

Appellants assert that the entry of judgment in favor of appellee, after crediting pro-tanto the funds received for covenants and reducing the judgment to zero, was error. We agree. Trial Rule 58 provides a court shall promptly prepare and enter judgment upon a general verdict of a jury or upon a decision announced. While this rule does not restrict the entry to a judgment on the verdict where the jury verdict is clearly erroneous and the remedies of Trial Rule 59, *supra,* become avail-

able, *State v. Normandy Farms* (1980), Ind.App., 413 N.E.2d 268, in circumstances, as here, where the jury verdict is not erroneous, the trial court is without a basis to enter a contrary judgment. Judgment should be entered in favor of appellant but the court will still credit the payments received for covenants not to sue or execute against the judgment.

Finally, appellants urge that, if the discharge must be applied, the amount has been improperly figured at $343,350.00 instead of $298,350.00. If appellants are correct, a balance of $21,650.00 is owed them pursuant to the verdict. However the discharge amounts were properly figured by the trial court. The parties agree the appellants received $200,000.00 subject to a loan receipt agreement and that amount is not to be applied as a credit since it is repayable. Both parties also list payments in the amount of $343,350.00 for covenants not to sue or execute. The issue concerns whether $45,000.00 paid by one co-defendant to the co-defendant entering the loan agreement, which payment was made to the co-defendant at the request of the appellants, is to be considered a credit against the verdict amount. The $45,000.00 was paid out on plaintiffs' behalf pursuant to a covenant not to sue and must be credited pro-tanto. The rule is amounts received pursuant to loan receipt agreements are not credited to reduce the amount of the judgment. *Amer. Transport Co. v. Cent. Ind. R.R. Co.* (1970), 255 Ind. 319, 264 N.E.2d 64. However, funds received for partial satisfaction of a claim in exchange for a covenant not to sue or execute must be credited against the recovery. *Barker v. Cole, supra,* Ind.App., 396 N.E.2d 964. The disposition or use of the funds would not change their nature and their nature determines the issue of credit or none.

The decision of the trial court is therefore affirmed in all respects except for the entry of judgment which must be entered in favor of appellants.

Reversed in part, affirmed in part and remanded.

STATON, P.J., concurs.

GARRARD, J., concurs with opinion.

GARRARD, Judge, concurring.

I concur with the majority except for its analysis of the effect of the plaintiffs having entered into a loan receipt agreement with one of the defendants. Admittedly language used by the court in *American Transport Co. v. Cont. Ind. R.R. Co.* (1970), 255 Ind. 319, 264 N.E.2d 64 supports the majority's position.

Yet we have learned much concerning loan receipt agreements since that case was decided. While the basic concept of such agreements may be the same, they exist in almost infinite variety as to the terms, conditions and amounts subject to repayment. Certainly, in the extreme an agreement could be constructed with the amount of repayment so small or the condition so far-fetched that the court might conclude it was in fact something else. That is not my concern.

The cases appear to genuinely adhere to the concept that the plaintiff is entitled to only one satisfaction. I do not disagree. But if that is so, why should monies received upon a covenant not-to-sue or a covenant not-to-execute be counted toward that satisfaction? According to the recitations of the parties the money is paid *as a consideration for the promise* or to avoid the expense and uncertainty of litigation, not as compensation for injury. Many would deem it silly to allow such a transparent device to alter the substance of what was being done and thereby evade the mandate of a principle we indorse in the law.

In point of fact much the same thing occurs in the typical "genuine" loan receipt agreement. Under the agreement in the case at bar the plaintiffs received $200,000. The agreement then understandably excluded the workmen's compensation payments which plaintiff received or might receive from consideration. The plaintiffs were then obliged to repay 25% of the first $400,000 they recovered from the other defendants, whether by settlement or judgment. If they recovered more than $400,-

000 they were liable on a dollar for dollar basis for the remaining 75%.

Of course, whatever actual amounts they were obligated to repay were not and should not be treated as "satisfaction." On the other hand it seems inescapable to me that to the extent there was no obligation to repay in fact, there was a partial satisfaction and the law should recognize it.

The court in *American Transport Co.* recognized the desirability of permitting loan receipt agreements. That desirability does not appear to me to be hindered by enforcing the rule that amounts received which under the terms of the agreement need not be repaid, constitute a partial satisfaction of a plaintiff's claim.

I would therefore also credit against the judgment the amount paid under the loan receipt agreement which Sanders had no obligation to repay.