**Lonnie R. MANNS, Plaintiff–Appellant,**

v.

**STATE of Indiana, DEPARTMENT OF HIGHWAYS, Defendant–Appellee.**

No. 50A03–8706–CV–167.

Court of Appeals of Indiana,
Third District.

June 13, 1988.

Ted A. Waggoner, Peterson & Waggoner, Rochester, Peter L. Obremsky, Parr, Richey, Obremskey & Morton, Lebanon, for plaintiff-appellant.

Linley E. Pearson, Atty. Gen., Wm. Eric Brodt, Deputy Atty. Gen., Indianapolis, for defendant-appellee.

GARRARD, Presiding Judge.

Lonnie Manns commenced this action to recover for personal injuries he sustained when the motorcycle he was riding struck an automobile driven by Everett Hintz. After stopping for a stop sign the Hintz vehicle entered an intersection directly into the path of the motorcycle which was on a preferential highway.

Manns sued Hintz and the state contending the latter was guilty of negligent design of the intersection. Subsequently, Manns executed a covenant not to sue in favor of Hintz in exchange for $125,000 and the case proceeded to trial against the state. A jury returned a verdict for the defendant.

During the trial Manns called Hintz as a witness. On cross examination the state was permitted, over objection, to elicit that Hintz had been given a covenant not to sue in exchange for $125,000. On redirect Manns was precluded from placing before the jury the six page covenant. The asserted errors in these rulings provide the basis for this appeal.

At the outset we observe that the state has not argued nor does the record support an argument that introduction of the evidence was necessary to demonstrate bias or prejudice on the part of Mr. Hintz. Moreover, and unlike the situation in many so-called loan receipt agreements, the contract in this case contained no provision calling for the repayment of any money to Hintz in the event of a recovery against the state.

Manns correctly asserts that the evidence introduced has been allowed in Indiana on the theory that the payment was either intended to constitute total satisfaction of the plaintiff's claim or it, in fact, did so. The watershed case for this position is *Bedwell v. DeBolt* (1943), 221 Ind. 600, 50 N.E.2d 875.[1]

He also urges that the considerations are essentially the same whatever the instrument is called, as long as it is not a release. For the effect of releases *see, e.g., Young v. Hoke* (1986), Ind.App. 493 N.E.2d 1279, *transfer denied.* We agree, except to the extent that additional considerations occur where the instrument calls for a repayment to the recipient of the covenant in the event plaintiff succeeds against other parties.

The appellant has eloquently presented the risks of undue prejudice which arise from presenting to the jury evidence of settlements with other parties. We need not repeat them here as they have been previously recorded in the opinions in *State v. Ingram* (1980), Ind.App., 399 N.E.2d 808 (Staton, J. dissenting), *rev'd.* 427 N.E.2d 444 and *State v. Thompson* (1979), 179 Ind.App. 227, 385 N.E.2d 198 except to acknowledge appellant's assertion that oftentimes the amount paid and accepted concerning such a third party is, in reality, more a consequence of the limits of that party's liability insurance than other considerations.

In addition, counsel urges that three Indiana cases are sufficiently at odds with the rule of admissibility that a reevaluation of the rule is called for.

In *Scott v. Krueger* (1972), 151 Ind.App. 479, 280 N.E.2d 336 a settlement with one defendant was reached after the evidence had been concluded and while the jury was in deliberations. The appellate court held it was not error for the court to refuse to call the jury back in and instruct them concerning the fact of a covenant not to execute and that they could consider it in their deliberations. The court determined that the settlement did not constitute a wrongful misleading of the court because the agreement was not entered into before completion of trial and because of Indiana's rule prohibiting contribution among joint tortfeasors. In other words the court was not misled as to the real status of the parties and the remaining defendant's inability to seek contribution precluded him from being exposed to any increased liability. Thus, the result was closely akin to that of the more ordinary cases where a party seeks to introduce additional evidence after the parties have rested and deliberations have begun.[2]

In *Sanders v. Cole Municipal Finance* (1986), Ind.App., 489 N.E.2d 117 it appears that the trial court was confronted with multiple defendants and several covenants not to sue or not to execute together with one loan receipt agreement. The point argued on appeal was whether the only remaining defendant at trial was entitled to pro tanto discharge of the judgment to the extent of the settlement payments, and the court held that it was, except for payments made under the loan receipt agreement. While it appears that the settlements were not presented to the jury, no issue was presented on appeal that they should have

---

1. The decisions also recite that the actual payment constitutes a pro tanto satisfaction of the claim. This, of course, is true but submitting that question to the jury would appear to provide no benefit to a just determination of the case except as the payment may constitute full satisfaction. The court can easily credit partial payments against the amount found due without any of the prejudicial risks involved in

bringing the payment before the jury. Since we forbid interrogatories to the jury, how they use the information of a partial payment necessarily remains a matter for speculation.

2. The court did, of course, credit the settlement amount against the judgment.

been. Thus, the case should be distinguished.

Thirdly, Manns refers us to *Gray v. Davis Timber & Veneer Corp.* (1982), Ind. App., 434 N.E.2d 146. In that case the First District found the trial court committed reversible error by admitting into evidence a loan receipt agreement in its entirety including the amount of money received. While stating that the agreement was admissible for impeachment purposes, the court determined it was error to admit the amount of payment over objection.

We agree this is an anomalous result. (*See* concurring opinion in *Sanders, supra*, 489 N.E.2d 125.) Nevertheless it is consistent with a distinction our Supreme Court has drawn between loan receipt agreements and other forms of settlement, *American Transport Co. v. Cent. Ind. R.R. Co.* (1970), 255 Ind. 319, 264 N.E.2d 64, and thus far has refused to consider. *See Sanders, supra*; and *Duke's GMC, Inc. v. Erskine* (1983), Ind.App., 447 N.E. 2d 1118 where transfer was denied.

It well may be that a better course would be to insulate the jury from the effects and reasons for settlement with one or more, but less than all the defendants, at least where that information does not bear directly on the bias or prejudice of some witness at the trial. If the purpose of admitting the evidence is to reach the question of an intended satisfaction, then, as in other issues of contract interpretation, that question could be resolved as a matter of law by the court from the language of the document. If the issue is pro tanto payment or full compensation in fact, that could be resolved by the court crediting amounts paid against the verdict without the various risks to the parties that the jury will misuse the information.

■ We, however, are bound to follow the law just as the trial courts and the litigants must. And our Supreme Court expressly rejected this view and held settlement amounts admissible before the jury in its decision in *State v. Ingram* (1981), Ind., 427 N.E.2d 444.

Beyond that, our legislature has recently placed its imprimatur upon the presentation of collateral source payments to the jury. *See* IC 34–4–36–2. While that statute applies only to actions accruing on or after September 1, 1986, it clearly reveals legislative approval for presenting such evidence to the jury.

Accordingly, we must conclude the court was not in error in permitting the settlement amount to be presented to the jury and that no policy reevaluation is warranted at this time.

We turn then to Manns' contention that having admitted the amount, the court erred when it refused to allow the entire agreement in evidence.

We stress that Manns did not offer a redacted version and that the agreement contained references to insurance and representations beneficial to the plaintiff concerning the asserted liability of the state and the extent of plaintiff's damages.

Manns has cited no authority holding such evidence *per se* admissible either initially or in response to the state's inquiry concerning the amount of the settlement.

In *Ingram* our Supreme Court sustained the trial court's *admission* of the balance of the statement on the ground that it was a matter within the trial judge's discretion to allow the evidence in rebuttal to the state's presentation of a portion thereof.

■ Under *Ingram* the court here could have allowed the evidence. In the exercise of its discretion, it did not. Manns' argument makes no showing of how that ruling constituted an abuse of discretion and we do not perceive that it did. Nor does the evidence suggest the verdict may have been different had the document been admitted, especially if subjected to some redaction.

The evidence disclosed the collision occurred when an eighty-one year old man, accompanied by his wife, stopped at an intersection and then failed to observe an oncoming motorcycle. As Mr. Hintz testified at trial, "If it had been a car we'd have seen it." Whether he would have or not may be a question relevant to his liability, but the jury could easily have concluded his

actions, not those of the state, were the proximate cause of the collision.

Affirmed.

STATON and BUCHANAN, JJ., concur.