**R.L. McCOY, INC., Appellant–
Defendant,**

v.

**Michael and Amy JACK,
Appellees–Plaintiffs.**

No. 49A02–0011–CV–749.

Court of Appeals of Indiana.

July 11, 2001.

See also 752 N.E.2d 72.

Cory Brundage, Judy S. Okenfuss, Indianapolis, IN, Attorneys for Appellant.

Harry A. Wilson, Jr., Indianapolis, IN, Attorney for Appellees.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Nonparty Defendant–Appellant R.L. McCoy, Inc., ("McCoy") appeals from the trial court's order denying McCoy's Motion to Enforce Settlement Agreement against Michael and Amy Jack ("the Jacks"). We reverse.

### ISSUE

McCoy raises the following issue for our review: whether the trial court erred by denying McCoy's motion to enforce the settlement agreement entered into between McCoy and the Jacks.

### FACTS AND PROCEDURAL HISTORY

The Jacks brought a personal injury claim against McCoy, Three Rivers Barricade & Equipment Co., Inc., S.E. Johnson Companies, RQAW Corporation, Indiana Department of Transportation, and the State of Indiana. After a motion for summary judgment Three Rivers Barricade & Equipment Co., Inc. and RQAW Corporation were dismissed as defendants. Prior to trial, McCoy and the Jacks entered into a loan repayment agreement and release. Pursuant to that agreement, the Jacks received two checks totaling $1,500,000.00.

S.E. Johnson Companies ("S.E.Johnson") filed an objection to the dismissal of McCoy, and filed a motion for leave to amend its answer for the purpose of asserting a nonparty defense. The trial court granted S.E. Johnson's motion to amend. McCoy was then added as a nonparty to the action.

The matter proceeded to trial, which commenced on August 23, 2000. On September 8, 2000, the jury rendered its verdict which was reduced to judgment by the trial court on September 11, 2000. The jury found that the total damages were $5,000,000.00 with respect to Michael Jack's claims, and $400,000.00 with respect to Amy Jack's claims. The jury then allocated the percentage of fault as follows:

| | |
|---|---|
| Plaintiff, Michael L. Jack | 50% |
| Defendant, S.E. Johnson Companies, Inc. | 15% |
| Defendant, State of Indiana | 25% |
| Non–Party, R.L. McCoy, Inc. | 10% |

(R. 125–26). The jury found that the State of Indiana was partially at fault for the incident. However, the Jacks could not recover from the State of Indiana because contributory negligence was a complete defense.

After judgment was entered, S.E. Johnson filed a motion for set-off requesting a set-off of $960,000.00, the amount by which McCoy's settlement payment exceeded its liability. McCoy filed a motion to enforce the settlement agreement between McCoy and the Jacks. On October 18, 2000, the court denied both motions. A final order regarding McCoy's motion was entered on November 2, 2000. The Jacks have refused to repay the excess of the proceeds to McCoy. This appeal ensued.

### DISCUSSION AND DECISION

The judicial policy of this State strongly favors the use of partial settlement agreements. *City of Bloomington v. Holt,* 172 Ind.App. 650, 655, 361 N.E.2d 1211, 1215 (1977). Covenants not to sue, covenants not to execute and loan receipt agreements are to be encouraged in the settlement of litigation. *Id.* Even if evidence of settlement agreements is not before the jury, the trial court must still consider the nature of the agreements and credit funds received against a judgment. *Sanders v. Cole Municipal Finance,* 489 N.E.2d 117, 123 (Ind.Ct.App.1986). Payments made in partial satisfaction of a claim must be credited against the remaining liability to prevent a double recovery.

*Barker v. Cole,* 396 N.E.2d 964, 970 (Ind. Ct.App.1979).

■ Normally, where the actions of multiple defendants cause a single injury to a plaintiff, a defendant against whom judgment is rendered at trial is entitled to credit against the assessed damages in the amount of any funds received from any settling joint tort-feasor by the plaintiff. *Hagerman Construction, Inc. v. Copeland,* 697 N.E.2d 948, 962 (Ind.Ct.App.1998). This credit is allowed in order to prevent a plaintiff from recovering twice for the same injury. *Id.*

■ Indiana courts traditionally have followed the one satisfaction principle. *Mendenhall v. Skinner and Broadbent Co., Inc.,* 728 N.E.2d 140, 141 (Ind.2000). Courts should take account of settlement agreements and credit the funds received by the plaintiff through such agreements, pro tanto, toward the judgment against co-defendants. *Id.* This is so because the injured party is entitled to only one satisfaction for a single injury and the payment by one joint tortfeasor inures to the benefit of all. *Id.* The one satisfaction rule and the benefits of settlement are best advanced by affording litigating defendants a credit where a thorough allocation of damages by the jury provides the court with a respectable basis upon which to adjust a judgment to avoid a double credit. *Id.* at 145. In order to request a credit, a litigating defendant must add the settling defendant as a nonparty under the Comparative Fault Act. *Id.*

■ Under Indiana's comparative fault scheme, a litigating defendant may assert a nonparty defense, seeking to attribute fault to a nonparty rather than to the litigating defendant. *Mendenhall,* 728 N.E.2d at 142; Ind.Code § 34–51–2–14. When a defendant asserts this defense, the court instructs the jury to determine the percentage of fault of each party and any person who is a nonparty. *Id.;* Ind.Code § 34–51–2–7(b)(1). A nonparty is a person who caused or contributed to cause the alleged injury, death, or damage to property but who has not been joined in the action as a defendant. *Id.;* Ind.Code § 34–6–2–88. A defendant must affirmatively plead the nonparty defense, and the defendant carries the burden of proof on the defense. *Id.;* Ind.Code § 34–51–2–15.

■ In the present case, McCoy entered into a settlement agreement, or a loan repayment agreement, with the Jacks in exchange for being dismissed from the cause of action. The trial court allowed S.E. Johnson to amend its answer to include a nonparty defense and include McCoy as a nonparty defendant to the cause of action. At the conclusion of the trial, the jury determined the percentages of fault of all the parties involved. Because of Jack's fault, 50%, he could recover $2,500,000.00, and his wife could recover $200,000.00 on her related claim, for a total of $2,700,00.00.

The repayment provisions of the loan repayment agreement entered into between McCoy and the Jacks are at the heart of the dispute presented in this appeal. McCoy asserts that the Jacks are required by the agreement to repay to McCoy the difference ($960,000.00) between the amount awarded to the Jacks as a result of McCoy's liability ($540,000.00) and the total amount tendered by McCoy to the Jacks ($1,500,000.00). The Jacks assert that they are not required to repay the difference because by the terms of the agreement a condition precedent did not occur. The agreement provided in part as follows:

7. The parties acknowledge that to the extent an as yet unquantified portion of the Settlement Payment would otherwise constitute a credit, setoff, or partial

satisfaction to the benefit of any other defendant *if it were not a loan,* that as yet unquantified sum is a loan. Accordingly, to the extent that:

 a. The settlement payment exceeds a final non-party verdict (total damages suffered by the plaintiffs multiplied by the percentage at fault, if any, on the part of McCoy (against McCoy))

AND

 b. If such excess of the settlement payment over the amount of the non-party verdict against McCoy would otherwise operate to reduce the amount which S.E. Johnson, Inc., the Indiana Department of Transportation, or the State of Indiana or any other defendant against whom a final jury verdict is rendered is obligated to pay as a result of the final verdict in said action, after all appeals have either been abandoned or exhausted, *if it were not a loan,*

THEN

The amount of the excess which would otherwise reduce the amount another defendant is obligated by a verdict to pay *if the excess were not considered a loan,* must be repaid by Jack to McCoy. (emphasis added).

(R. 154–55).

The Jacks agree that the settlement exceeds the final nonparty verdict. However, they contend that the difference between the amount of the proceeds and the amount of the nonparty verdict does not operate to reduce S.E. Johnson's liability for its portion of the final verdict. Therefore, the Jacks contend they are entitled to keep the difference under the terms of the contract.

 Settlement agreements are governed by the general rules applicable to the construction of contracts. *Kiltz v. Kiltz,* 708 N.E.2d 600, 602 (Ind.Ct.App.

1999), *trans. denied.* A court on appeal interprets and construes contract provisions. *Niccum v. Niccum,* 734 N.E.2d 637, 639 (Ind.Ct.App.2000). Questions of interpretation of a settlement agreement should be resolved as a matter of law by the court from the language of the document. *Id.*

Our review of the loan repayment agreement at issue leads us to the conclusion that the Jacks must repay the difference to McCoy pursuant to the terms of that agreement. The agreement requires the Jacks to repay any excess to McCoy if 1) the settlement payment amount exceeds the nonparty verdict; and 2) the excess would have operated as a set-off to another of the defendants *if the agreement were not a loan.*

 Our supreme court has held that in contrast to settlement proceeds from covenants not to sue or execute, funds advanced pursuant to loan receipt agreements do not constitute partial payments or satisfactions of judgment. *See American Transport Co. v. Central Indiana Ry. Co.,* 255 Ind. 319, 264 N.E.2d 64, 67 (1970). To the extent that loan proceeds are actually repayable from a judgment, they should not be subject to pro tanto credit against such judgment. *Duke's GMC, Inc. v. Erskine,* 447 N.E.2d 1118 Ind.Ct.App. 1983). The Jacks would then be correct in their argument that S.E. Johnson is not entitled to set-off the amount of the settlement payment that exceeds the nonparty verdict.

However, the loan repayment agreement itself specifically says that repayment of the excess must be made if a defendant would be entitled to set-off *if the agreement were not a loan.* That being the case, then S.E. Johnson would be entitled to set-off in order to prevent an excessive recovery by the Jacks. Therefore, both conditions agreed to in the loan repayment

agreement have been met, and the Jacks must repay the excess to McCoy. The trial court erred by denying McCoy's motion to enforce the settlement agreement.

### CONCLUSION

The trial court erred by denying McCoy's motion to enforce the settlement agreement. While loan repayment agreement proceeds typically are not credited against a judgment, the terms of the agreement itself provided for repayment of the excess of the proceeds if the excess would reduce another defendant's liability if the agreement were not a loan.

Reversed.

FRIEDLANDER, J., and MATHIAS, J., concur.